STATE v. RODMAN COX AND ELMER WHITLEY.

(Filed 30 September, 1931.)

1. **Criminal Law I c—In this case held: evidence was competent and objection that it unduly excited sympathy of jury is not sustained.**

    In a prosecution for robbery it is competent for the prosecuting witness to testify that the money stolen from her had been saved by her over a long period of years and had been accumulated by hard work and thrift, the testimony being competent as tending to explain why the prosecutrix had so large a sum on her person and as affecting her credibility as a witness, and an objection to the admission of such evidence on the ground that it tended to unduly enlist the sympathy of the jury cannot be sustained, the State having the right to introduce all competent and material evidence tending to convict, and there being nothing to show that there was any appeal made to the jury based upon sympathy for the prosecutrix.

2. **Criminal Law G p—Admission of testimony as to foot prints held not error in this case.**

    Where a witness testifies that he measured foot prints at the scene of the crime soon after its commission, and testifies in detail as to the measurements taken by him at the time, and testifies that the measurements of one of the tracks checked with the measurements of the shoes of one of the defendants, and further testifies as to the measurements of the defendant's shoes, the measurements being identical, *Held:* error, if any, in the admission of the testimony that the measurements checked with the measurements of the defendant's shoe was harmless in view of the detailed testimony of the measurements of the tracks and shoes of the defendant.

3. **Robbery B d—Evidence held sufficient to overrule nonsuit in prosecution for robbery.**

    Evidence in this case is held sufficient to show that both defendants were guilty of robbery as charged in the bill of indictment, and the defendants' motions as of nonsuit were properly overruled.

STATE *v.* COX.

**4. Criminal Law I l—In this case held: failure to instruct jury that defendants might be convicted of lesser degree of crime was not error.**

Where all the evidence in a criminal prosecution tends to show that the crime was committed as alleged in the bill of indictment, and there is no evidence tending to show the commission of a crime of less degree, it is not error for the trial court to refuse to instruct the jury that they might find the defendants guilty of a lesser degree of the crime charged. C. S., 4640.

APPEAL by defendants from *Frizzelle, J.,* at April Term, 1931, of PITT. No error.

The defendants were tried on an indictment as follows:

"State of North Carolina—Pitt County.

Superior Court, April Term, 1931.

The grand jurors for the State, upon their oaths, present:

That Rodman Cox and Elmer Whitley, late of the county of Pitt, on 26 December, 1930, with force and arms, at and in the county aforesaid, unlawfully, wilfully and feloniously did, in the common and public highway of the State, in and upon one Mrs. G. H. Ballard, make an assault, and her, the said Mrs. G. H. Ballard, in bodily fear and danger of her life, in the highway aforesaid, then and there feloniously did put, and four thousand two hundred fifty dollars ($4,250) in lawful money of the United States of America of the goods and chattels of the said Mrs. G. H. Ballard from the person and against the will of the said Mrs. G. H. Ballard, in the highway aforesaid, then and there feloniously and violently did take, steal and carry away, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State."

At the trial each defendant entered a plea of not guilty and relied upon an alibi as his defense. The jury returned a verdict of guilty as to both defendants.

From the judgment that each defendant be confined in the State's prison for a term of not less than seven or more than nine years, both defendants appealed to the Supreme Court.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*

*Harding & Lee and Gaylord & Harrell for defendants.*

CONNOR, J. At the trial of this action, the prosecutrix, Mrs. G. H. Ballard, as a witness for the State, testified that at about nine o'clock

on the night of 26 December, 1930, while she was walking alone on a public street in the town of Greenville, returning to her home from church, she was suddenly and violently assaulted by two men, who robbed her of her purse and its contents. She had in her purse, at the time she was assaulted, more than forty-two hundred and fifty dollars. This money, which was the property of the witness, and which she had for many years carried in her purse, was taken from her by the two men who assaulted her. After they had robbed her of her purse and its contents the two men ran away. The witness identified the defendant, Elmer Whitley, as one of the men who assaulted and robbed her. She testified that she had seen the defendant, Rodman Cox, at the church, a short time before the close of the services. He did not come into the church, but the witness saw him standing on the outside, looking through the window at her. She did not identify this defendant as one of the men who assaulted and robbed her.

On her direct examination by the solicitor for the State, the witness was asked the following question:

"Q. Mrs. Ballard, you have already stated approximately how much money you had in the purse; now, please, state to the court and jury how long you have had that money, and how long you have been accumulating it."

The witness replied:

"A. Well, the first nickel I ever earned in my life was in there, and every honest dollar and every honest penny that could possibly be made from the time I came into the world until the night of 26 December, was in there. I was raised on a farm and came up hard. The first nickel I ever got, a man came there and gave it to me. My papa told me to give it back, and I gave it back to the man. When papa had gone I said to the man, 'Papa has gone; give me my nickel back.' I worked until I went off to school. I went off to school, and every minute was study, so that I could some day have money. When I came out of school I started to teach. I saved every dollar I made for three years except what I paid for board. What little I wore came off the farm. I would go home and hoe corn during vacation. At the end of three years, I went to Atlanta, Ga., and opened up a business there. I had a good business, and all the business people bought their office supplies from me. I made money and saved every dollar I could make, except what I spent for board. I married Mr. Ballard. Since I married him I have saved every penny I could make, even picking up blocks of wood and carrying them to sell."

In apt time, defendants objected to the foregoing question and answer. Their objections were overruled, and defendants excepted.

On their appeal to this Court, defendants contend that it was error to admit the answer to the question as evidence, for that it created in the minds of the jurors sympathy for the prosecutrix, which unduly influenced the jurors against the defendants. This contention cannot be sustained.

The evidence, together with other evidence to which there was no objection, was relevant and material, and therefore competent, as tending to show why the prosecutrix had in her purse so large a sum of money as she had testified, and also as affecting her credibility as a witness. There is nothing in the record which shows that any appeal was made to the jury based upon sympathy for the prosecutrix, or that the jury was influenced in returning their verdict by such sympathy. The State could not be deprived of the benefit of evidence which was relevant and material because it might also have a tendency to prejudice the defendants in the eyes of the jury. 22 C. J., 193.

G. H. Ballard, husband of the prosecutrix, testified as a witness for the State. Soon after his wife cried out that she had been assaulted and robbed, this witness went to the place where she said that the assault and robbery occurred. He there found the tracks of two men, and a woman. He measured, with care, the tracks of the two men and testified in detail as to the measurements of each track. After the defendant Elmer Whitley was arrested, the witness measured his shoe. He testified over the objection of the defendants that the measurements of Whitley's shoe "exactly checked with those of the larger track." He further testified in detail as to the measurements made by him of Whitley's shoe. These measurements were identical. Defendants' objections were properly overruled. If there was error in overruling the objection to the statement of the witness that the measurements of Whitley's shoe exactly checked with those of the larger track, the error was harmless, in view of the subsequent testimony of the witness, as to the measurements made by him of the shoe. Of course, it was for the jury to determine from the evidence whether or not the measurements of Whitley's shoe exactly checked with those of the track at the place where the robbery was committed.

Defendants' assignment of error based on their exception to the refusal of the court to allow their motion for judgment as of nonsuit, under the provisions of C. S., 4643, cannot be sustained. It is needless to set out at length the evidence tending to show not only that the prosecutrix was assaulted and robbed, as the State contended, but also that the defendants are the men who committed the crime. The evidence for the State, while contradicted by that offered by the defendants in support of their defense of an alibi, was properly submitted to the

jury. This evidence, if believed by the jury, was sufficient to show that not only the defendant Whitley but also the defendant Cox was present and participated in the robbery of the prosecutrix.

Upon all the evidence in this case there was no error, as contended by defendants on their appeal to this Court, in the failure of the trial court to instruct the jury that under the indictment on which defendants were tried, the jury might convict the defendants of a crime of less degree than that charged in the indictment.

C. S., 4640, does not confer upon a jury in the trial of a criminal action the power arbitrarily to disregard the uncontradicted evidence tending to show that the crime charged in the indictment was committed as alleged therein and in the absence of evidence to sustain such conviction, to convict the defendant of a crime of less degree. The statute is not applicable, where, as in the instant case, all the evidence for the State, uncontradicted by any evidence for the defendant, if believed by the jury, shows that the crime charged in the indictment was committed as alleged therein. In the instant case there was no evidence tending to support a contention that the defendants, if not guilty of the crime charged in the indictment, were guilty of a crime of less degree. No contention to this effect was made by the defendants or by either of them, at the trial. Neither defendant requested the court to instruct the jury that under the provisions of C. S., 4640, they could convict the defendants or either of them of a crime of less degree than that charged in the indictment, if they failed to find beyond a reasonable doubt that the defendants or either of them was guilty as charged in the indictment.

Where all the evidence at the trial of a criminal action, if believed by the jury, tends to show that the crime charged in the indictment was committed as alleged therein, and there is no evidence tending to show the commission of a crime of less degree, it is not error for the court to fail to instruct the jury that they may acquit the defendant of the crime charged in the indictment and convict him of a crime of less degree. See *S. v. Ratcliff*, 199 N. C., 9, 153 S. E., 605, where the statute, C. S., 4640, is construed and applied.

As neither of the assignments of error on this appeal, based on exceptions taken in the trial, and appearing in the case on appeal, can be sustained, the judgment is affirmed.

No error.