STATE v. GLENN BELL AND MILLARD BELL.

(Filed 24 March, 1948.)

**1. Robbery § 3—**

Where separate indictments charging defendants with robbing two individuals are consolidated for trial, and there is no evidence that defendants took any money or goods of value from one of the persons named, motion to nonsuit that prosecution should be allowed.

**2. Robbery §§ 1a, 1b—**

Common law robbery is the felonious taking of money or goods of any value from the person of another, or in his presence, against his will, by violence or putting him in fear; and by statutory provision, a more severe punishment is prescribed if the offense be committed by the use or threatened use of firearms or other dangerous weapon whereby the life of a person is endangered or threatened. G. S., 14-87.

**3. Robbery § 3—**

Defendants' contention that nonsuit should have been allowed on the charge of robbery because the evidence failed to show violence or intimidation in the felonious taking of money from the person of prosecuting witness, it being in evidence that defendants accomplished the taking by impersonating officers of the law and threatening to arrest the victim for an alleged offense. *is held* untenable when there is evidence that defendants also used physical force and threatened to inflict bodily injury.

**4. Same—**

Where there is evidence that one of defendants, in feloniously taking money from the person of prosecuting witness against his will by violence and intimidation, flourished and threatened to use a pistol, the other defendant being present aiding and abetting the commission of the offense, the evidence is sufficient to sustain conviction of robbery with firearms.

**5. Indictment § 22—**

An indictment for robbery with firearms will support a conviction of the lesser offenses of common law robbery, assault, larceny from the person, or simple larceny, if there is evidence of guilt of such lesser offenses.

**6. Robbery § 3: Criminal Law § 53g—**

Where all the evidence tends to show that defendants feloniously took money from the person of prosecuting witness by violence and against his will through the use or threatened use of firearms, the court properly limits the jury to a verdict of guilty of robbery with firearms or a verdict of not guilty, there being no evidence warranting the court in submitting the question of defendants' guilt of less degrees of the crime. G. S., 15-169; G. S., 15-170.

APPEAL by defendants, Glenn Bell and Millard Bell, from Clement, J., and a jury, at September Term, 1947, of YADKIN.

Two separate indictments were returned against the defendants, one in criminal action No. 199 charging them with robbery with firearms of Ernest Fox and the other in criminal action No. 210 charging them with robbery with firearms of Stewart Fox. Upon suggestion of the defendants, the cases were removed from Wilkes County to Yadkin County for trial pursuant to G. S., 1-84. The two indictments were consolidated for trial by consent, and were treated in the court below as separate counts in the same bill. S. v. Alridge, 206 N. C., 850, 175 S. E., 191. The defendants pleaded not guilty to both charges,

The defendants offered no evidence relating to the merits. Stripped of its nonessentials, the uncontroverted testimony of the State presented the picture set forth below.

Sometime after midnight on 26 April, 1947, Ernest Fox, his twelve-year-old daughter, Faye Fox, and his sister-in-law, Aileen Fox, were proceeding in a westerly direction along a highway in Wilkes County in a Studebaker pick-up truck owned by Ernest Fox and driven by his brother, Stewart Fox. This truck was chased, overtaken, and stopped by the occupants of an automobile, which was equipped with a spotlight and which was brought to a standstill within six feet of the truck. The two defendants alighted from the automobile, leaving a third man sitting therein with something which Ernest Fox took to be a sawed-off shotgun.

After dismounting from the automobile, the defendants went to the truck and falsely represented themselves and their companion in the automobile to be officers of the law. The defendant, Glenn Bell, wore "a police cap with a badge up in front" and "a blue coat like police wear" and was armed with a pistol which was in plain view of Ernest Fox and the other occupants of the truck. Glenn Bell threatened to arrest Stewart Fox for speeding and demanded that he exhibit to him the registration card covering the Studebaker truck. Upon being informed that the truck belonged to Ernest Fox, Glenn Bell ordered Ernest Fox to get out of the truck and to submit the registration card to his inspection. When Ernest Fox alighted from the truck in response to this command, Glenn Bell forcibly seized and searched him. Upon

finding some pistol cartridges in Ernest Fox's pockets, Glenn Bell accused Ernest Fox of having a "damn gun" and commanded Ernest Fox to surrender such weapon to him. Ernest Fox thereupon took his unloaded pistol from the glove compartment of the truck, and delivered it to Glenn Bell, who subsequently carried it away.

After relieving Ernest Fox of the empty pistol, Glenn Bell said that he was going to arrest Stewart Fox for speeding and Ernest Fox for having a gun, and asked them "about paying a cash bond." At this point, Glenn Bell stuck his own pistol against Ernest Fox's stomach, saying, "See how quick I can get it out. By God, I can use it. By God, I ain't afraid to use it, and I will use it." Glenn Bell then "took his gun down and kept waving it around" and threatened to take Ernest Fox and Stewart Fox to jail unless they paid him $45.00 as fines "for speeding and carrying a gun." Ernest Fox thereupon gave this sum to Glenn Bell, who afterwards carried it away. At this time Ernest Fox's little daughter, Faye Fox, was "crying big."

Ernest Fox paid the $45.00 over to Glenn Bell because Glenn Bell and his companions were armed, because "they had me scared," and because he was afraid that otherwise he and his brother would be forcibly carried to jail by the defendants and their associate, leaving his small daughter and his sister-in-law unprotected upon an unfamiliar and deserted road at 1:30 o'clock in the morning.

While these events took place, Millard Bell and the third man in the automobile were present, and by their acts, gestures, and words, they actively encouraged and incited Glenn Bell to do the acts set out above.

The jury found both of the defendants guilty upon both of the indictments. The court sentenced each defendant separately in each case to imprisonment in the State's prison for not less than fifteen nor more than twenty years, but provided, in effect, for only one punishment as to each defendant by stipulating that the two separate sentences pronounced against each defendant should be executed concurrently. The defendants appealed to this Court, assigning errors in the trial below.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*Allen & Henderson, F. D. B. Harding, and Trivette, Holshouser & Mitchell for defendants, appellants.*

ERVIN, J. The defendants stress their contention that the trial court ought to have dismissed both charges for insufficiency of proof in conformity to their motions for judgment of nonsuit under the statute. G. S., 15-173. It is obvious that this position is well taken with respect to the indictment wherein the defendants are alleged to have robbed

Stewart Fox. The consequence is that consideration will be given in detail here only to the assignments of error relating to the case in which the defendants have been convicted of the perpetration of robbery with firearms upon Ernest Fox.

In so far as it is now germane, the statute concerning robbery with firearms or other dangerous weapons reads as follows: "Any person or persons who, having in possession or with the use or threatened use of any firearms or other dangerous weapon, implement or means, whereby the life of a person is endangered or threatened, unlawfully takes or attempts to take personal property from another . . . or who aids or abets any such person or persons in the commission of such crime, shall be guilty of a felony and upon conviction thereof shall be punished by imprisonment for not less than five nor more than thirty years." G. S., 14-87.

In his lucid opinion in *S. v. Keller,* 214 N. C., 447, 199 S. E., 620, *Mr. Justice Winborne* pointed out that the Legislature enacted this statute "to provide for more severe punishment for the commission of robbery with firearms, and other specified weapons, than is prescribed for common law robbery." See, also, *S. v. Jones,* 227 N. C., 402, 42 S. E. (2d), 465. Robbery at common law is the felonious taking of money or goods of any value from the person of another, or in his presence, against his will, by violence or putting him in fear. *S. v. Burke,* 73 N. C., 83.

The defendants claim at the outset that the testimony of the State itself negatives the existence of the essential element of robbery, whether at common law or under the statute, that the taking of the property must be effected by violence or by putting the victim in fear. They point out that the defendants falsely pretended that they and their companion were officers possessing legal authority to make arrests, and assert that the prosecuting witness, Ernest Fox, gave the money to Glenn Bell merely because the defendants threatened to arrest or prosecute him and his brother, Stewart Fox, for alleged crimes. The evidence is not susceptible to this construction. All of the testimony is to the effect that in addition to impersonating officers, the defendants and their companion enforced their demands upon Ernest Fox for the money in question by the use of physical force and by threats to inflict bodily injury upon him. If a person takes personal property with the requisite felonious intent from the person or presence of another against such other's will by physical force or by threats of bodily injury, he commits robbery, notwithstanding his taking of the property may be accompanied by a pretense that he is an officer of the law and by threats on his part to arrest or prosecute the other for alleged crime. *Montsdoca v. State,* 84 Fla., 82, 93 So., 157, 27 A. L. R., 1291; *State v. Parsons,* 44 Wash.,

299, 87 P., 349, 7 L. R. A. (N. S.), 566, 120 Am. St. Rep., 1003, 12 Ann. Cas., 61; *Bussey v. State,* 71 Ga., 100, 51 Am. Rep., 256. See, also, the following authorities: 23 R. C. L., 1148; 54 C. J., 1022; 46 Am. Jur., Robbery, section 18.

The defendants further insist, however, that, in any event, the evidence at the trial was insufficient to support the action of the court in submitting to the jury the question of whether the defendants were guilty of the major felony of robbery with firearms upon the prosecuting witness, Ernest Fox, within the purview of the statute. The evidence adduced by the State not only tended to show that Glenn Bell took the money of Ernest Fox from his person against his will by violence and intimidation with intent to steal, but it also tended to establish that Glenn Bell was armed with a pistol, that he took the money in question from Ernest Fox by the use and threatened use of such pistol, and that he thereby threatened, if he did not, in fact, actually endanger, the life of Ernest Fox, and that Millard Bell was present, encouraging and inciting Glenn Bell to do such acts. Consequently, the testimony amply supported the theory of the State that Glenn Bell actually committed the crime of robbery with firearms upon Ernest Fox within the meaning of the statute, and that Millard Bell was present, aiding and abetting him in its perpetration.

The defendants excepted to the failure of the court to charge the jury that they might acquit the defendants of the crime of robbery with firearms charged in the indictment under consideration, and convict them of a crime of less degree. G. S., 15-169, 15-170. It is true that in a prosecution for robbery with firearms, an accused may be acquitted of the major charge and convicted of an included or lesser offense, such as common law robbery, or assault, or larceny from the person, or simple larceny, if a verdict for the included or lesser offense is supported by allegations of the indictment and by evidence on the trial. 42 C. J. S., Indictments and Information, sections 275, 283, 293; *S. v. Jones, supra; S. v. Moore,* 211 N. C., 748, 191 S. E., 840; *S. v. Holt,* 192 N. C., 490, 135 S. E., 324; *S. v. Cody,* 60 N. C., 197. If the jury believed the testimony in the case under review, however, it was its duty to convict the defendants of robbery with firearms because all of the evidence tended to show that such offense was committed upon the prosecuting witness, Ernest Fox, as alleged in the indictment. There was no testimony tending to establish the commission of an included or lesser crime. The evidence necessarily restricted the jury to the return of one of two verdicts as to each defendant, namely, a verdict of guilty of robbery with firearms upon Ernest Fox, or a verdict of not guilty. It follows that the court did not err in failing to instruct the jury that they might acquit the defendants of the crime of robbery with firearms charged in the indict-

ment in question and convict them of a lesser offense. *S. v. Sawyer,* 224 N. C., 61, 29 S. E. (2d), 34; *S. v. Manning,* 221 N. C., 70, 18 S. E. (2d), 821; *S. v. Cox,* 201 N. C., 357, 160 S. E., 358.

A painstaking examination of the entire record leaves us with the abiding impression that none of the other assignments of error of the defendants in the case under consideration are tenable.

For the reasons given, we find no error in the trial of the action in which the defendants were convicted of robbing Ernest Fox with firearms, and reverse the judgment in the case in which the defendants are charged with having committed a like offense upon Stewart Fox.

No error in criminal action No. 199.

Judgment reversed in criminal action No. 210.