STATE v. NATHANIEL PARKER, GEORGE PORTER, GUS PARKER, AND JAMES EDWARD McCREE.

(Filed 4 November, 1964.)

**1. Robbery § 1—**

It is not required as an element of the offense condemned by G.S. 14-87 that any property be actually taken from the victim, and the offense is completed if the defendant either takes or attempts to take personal property from another by the use or threatened use of a dangerous weapon whereby the life of the victim is endangered or threatened.

**2. Same; Larceny § 1—**

In common law robbery and in larceny from the person there must be an actual taking of property, even though the value of the property taken is immaterial, G.S. 14-72; if no property is taken there can be only an attempt to commit the offense, which in itself is an infamous offense. G.S. 14-3.

**3. Robbery § 5—**

Where the evidence tends to show an assault with deadly weapons by defendants, inflicting serious injury upon their victim, pursuant to an agreement to rob, but the evidence fails to show that defendants actually took any personal property from their victim, the court is not required to submit the question of defendants' guilt of an attempt to commit common law robbery or an attempt to commit larceny from the person, since an attempt to take personal property from another under the circumstances delineated by G.S. 14-87 constitutes an accomplished offense.

**4. Indictment and Warrant § 8; Criminal Law § 139; Assault and Battery § 5—**

All elements of assault with a deadly weapon are included in the offense of robbery with firearms, and the Supreme Court will take notice *ex mero motu* of the duplication when the record discloses conviction of defendants of both offenses based upon the identical occurrence, and will quash the indictment charging the assault and arrest the judgment thereon.

APPEAL by defendants from *Fountain, J.,* July 13, 1964 Special Criminal Session, MECKLENBURG Superior Court.

In this criminal prosecution the defendants were arraigned on the following bill of indictment:

"The Grand Jurors for the State upon their oath present, That Nathaniel Parker, Milas Wesley Alexander, George Porter, Gus Parker, Jr., John Alfred Mason and James Edward McCree late of the County of Mecklenburg, on the 22nd day of December, 1961, with force and arms, at and in the County aforesaid, unlawfully, willfully, and feloniously, having in their possession and with the use and threatened use of firearms, and other dangerous weapons, implements and means, to wit: A CERTAIN .22 CAL-

IBRE PISTOL AND A CERTAIN AXE HANDLE, whereby the life of Erskine Hill was endangered and threatened, did then and there unlawfully, wilfully, forcibly, violently and feloniously attempt take, steal, and carry away the PERSONAL PROPERTY of ERSKINE HILL, TO-WIT: MONEY, A POCKETBOOK AND OTHER VALUABLE PROPERTY from the presence, person, place of business and residence of ERSKINE HILL, contrary to the form of the statute in such case made and provided and against the peace and dignity of the State."

The Grand Jury returned a second bill of indictment which charged the defendants with a felonious assault with deadly weapons: a pistol and axe handle, with the intent to kill Erskine Hill, inflicting serious injury not resulting in death.

The State contended the assault was committed in the attempt to carry out the robbery charged in the first bill. After the defendants entered pleas of not guilty, the court ordered the two charges consolidated for trial. "Before the impaneling of the jury, the Assistant Solicitor for the State announced that the State would seek a verdict of attempted armed robbery and a verdict of assault with a deadly weapon as to all defendants."

The State offered plenary evidence of the attempt on the part of the defendants to rob, and the shooting and serious wounding of the victim, Erskine Hill. One of the shots struck the victim in the spine and caused his total paralysis. However, he lived for more than two years after the shooting but had died before the trial. The State's evidence that property was taken from Erskine Hill was equivocal.

Clarence Hill, the father of Erskine Hill, testified that he and the son were on their way to the grocery store at night when the four defendants and another attacked them with a pistol and axe handle, and attempted to take from them their money and pocketbooks. Both were severely beaten and seriously wounded by pistol shots.

Two State's witnesses testified they were in an automobile across the street, from which they witnessed the assault on the Hills; that the assailants used sticks, fired shots, and then ran, leaving both Clarence Hill and Erskine Hill on the ground, bloody and badly wounded.

According to the investigating officers, the defendant McCree made this statement: "About 10:00 p.m., me and Joe Parker, Gus Parker and Johnny Mason, and this other boy got to talking about getting some money. Gus, Joe and Mason said, 'Let's go get some money,' . . . Mason said, 'That man, a big, fat, colored man with the light skinny man had some money.' We followed the two men up Spring

Street. I had a .22 pistol one of the boys had handed me . . . Joe Parker had an axe handle. I ran up behind the fat man and throwed him on the ground. Joe Parker started hitting the man with the stick. Mason tried to get his pocketbook but he couldn't. Gus was just looking on. . . . The skinny man got a stick and tried to hit one of the boys. Mason said, 'Shoot him.' . . . I shot once at the skinny man. Joe Parker said, 'The man's getting a knife,' and I turned and shot him. I shot three or four times at the fat man. Then I started to run and gave the pistol to Joe Parker."

The officer testified that Gus Parker made this statement: "George Porter started talking about wanting money for the holidays. Mr. Hill (Clarence) and another man (apparently Erskine Hill) was in the cafe a little later. George (Porter) said, 'Want to get them because I need some money.' . . . Mr. Hill and the other man went on up Spring Street. When they got about in front of the House of Prayer, George Porter grabbed the tall man. Billie was also on the tall man. Nathaniel was on the other one. James McCree, John Mason and I got the fat one. . . . Mr. Hill fell and then got back up. This is about the time McCree started shooting. . . . I started running after the first shot."

Nathaniel Parker told the officer: "Friday night . . . December 22, George (Porter) said (to) Gus Parker, James McCree and this other boy in Rodman's Cafe, 'I have got to have some money on the weekend.' He said he knew some people we could hit. George said we could knock them out and take the money. George kept talking to us until we all agreed to go with him. We went to Bullis' Cafe on Spring Street. George said, 'See those two men, the fat one has the money.' . . . We caught up with the two men in front of the House of Prayer. George grabbed the fat man. . . . I hit the fat man with the axe handle twice. I hit the slim man once. Billie hit the fat man. James McCree had the pistol and shot about three times. I saw the slim man fall when McCree shot. We all ran. I throwed the axe handle away . . ."

George Porter, who did not make a statement to the officer, nevertheless testified at the trial in his own behalf, admitted he was with the others at the scene of the difficulty but that he took no part in it. The court was careful to instruct the jury to consider the admissions to the officers made by each defendant only as against the defendant who made it.

The jury rendered this verdict against all defendants: Guilty of attempted armed robbery and guilty of assault with a deadly weapon. Sentences of seven to ten years on the robbery charge were imposed on Nathaniel Parker and George Porter, and eight to ten years on Gus

Parker and James Edward McCree. Prayers for judgments were continued for five years on the assault charges. The defendants appealed.

*T. W. Bruton, Attorney General, Richard T. Sanders, Assistant Attorney General, for the State.*
*T. O. Stennett for defendant appellants.*

HIGGINS, J.   The robbery with firearms statute, G.S. 14-87, under which the defendants were indicted, provides: "Any person or persons who, having in possession or with the use or threatened use of any firearms or other dangerous weapon, instrument, or means whereby the life of a person is endangered or threatened, unlawfully *takes or attempts to take* personal property from another . . . at any time, either night or day, or who aids or abets such person . . . shall be guilty of a felony and upon conviction shall be punished by imprisonment for not less than five nor more than 30 years." If all of the elements are present, the offense is complete whether the taking is successful or amounts only to an attempt to take personalty from the victim.

The statute was passed in 1929 following a series of bank robberies, in one of which the police officers appeared on the scene in time to prevent the robbers from getting possession of any money, though one employee of the bank was seriously wounded by gun fire. The statute wisely condemns a perpetrator "who *takes or attempts to take* personal property." (emphasis added).

In this case it should be noted that the bill charged that the defendants "did . . . attempt to take . . . the personal property of Erskine Hill, to-wit: money and a pocketbook."

The solicitor's announcement amounted to a bill of particulars giving notice that in making out the case the State would rely on proof the defendants attempted to take personal property from the victim rather than proof of the actual taking. The solicitor's announcement neither lessened the degree of guilt charged in the bill nor reduced the power of the court to punish for it. So great is the offense when life is endangered and threatened by the use of firearms or other dangerous weapons, that it is not of controlling consequence whether the assailants profit much or little, or nothing, from their felonious undertaking. The attempt to take property by the forbidden means, all other elements being present, completes the offense. Hence the defendants may not contend the solicitor's announcement worked a dismissal of the charge of robbery with firearms and reduced the charge in the bill to an attempt to commit that offense.

The defendants assign as error the following from the judge's charge:

"Now, if the State has satisfied you as to the guilt of one or more or all of the defendants from the evidence and beyond a reasonable doubt on the charge of robbery with firearms, then you would not consider his guilt or innocence as to that defendant or defendants of common law robbery, but if the State has failed to satisfy you from the evidence and beyond a reasonable doubt that firearms or other dangerous implements were used whereby the life of a person was endangered and threatened, then you would not convict either of the defendants on the charge of attempted highway robbery, but you would then consider the guilt or innocence of such defendants — I think I said highway robbery, I meant not convict of statutory robbery, that is robbery with firearms, the charge contained in the bill, but you would then consider the guilt or innocence of the defendant of highway robbery which does not include the element of the use of firearms or other dangerous weapons."

The State offered evidence tending to show that the four defendants, acting in concert, followed and fell upon Erskine Hill and his father, Clarence Hill, with intent to rob them and by the use of a pistol and an axe handle assaulted both; shot Clarence Hill through the kidney and through the shoulder; shot Erskine Hill three times — once through the spine, causing complete paralysis.

The court charged the jury in substance that if it rendered a verdict of guilty under the robbery with firearms bill, it became unnecessary to consider any other possible verdict. The State's evidence lacked positive proof that the defendants actually took any personal property from Erskine Hill. The attempt to take is sufficient in armed robbery. An attempt to take is not sufficient in common law robbery. The taking must be by violence or intimidation. *State v. McNeely,* 244 N.C. 737, 94 S.E. 2d 853; *State v. Bell,* 228 N.C. 659, 46 S.E. 2d 834. In larceny from the person there must be a taking, though the value of the property is immaterial. G.S. 14-72; *State v. Stevens,* 252 N.C. 331, 113 S.E. 2d 577. In common law robbery and in larceny from the person the completed offense requires the taking of property; otherwise there is only an attempt to commit the offense.

An attempt to commit robbery with firearms is an infamous offense. G.S. 14-3. "An attempt to commit a crime is an act done with intent to commit that crime, carried beyond mere preparation to commit it, but falling short of its actual commission." *State v. Surles,* 230 N.C. 272, 52 S.E. 2d 880. In this case, if the verdict be considered only for an at-

tempt to commit the crime of robbery with firearms, nevertheless that verdict is sufficient to support the judgment of seven to ten years imposed by the court. However, for the reasons assigned, we are inclined to the view that the conviction was for the major offense.

In robbery with firearms the offense requires the taking, *or the attempt to take*. A number of our decisions involving robbery with firearms fail to take note of the fact that the offense is complete if the assailant *attempts to take* the personal property of another by the means condemned by G.S. 14-87. *State v. Jones*, 227 N.C. 402, 42 S.E. 2d 465; *State v. Chase*, 231 N.C. 589, 58 S.E. 2d 364; *State v. Hare*, 243 N.C. 262, 90 S.E. 2d 550.

In this case the trial court did not commit error in failing to charge that the jury might return a verdict of guilty of an attempt to commit a common law robbery. There was no evidence of common law robbery. "It is true that in a prosecution for robbery with firearms, an accused may be acquitted of the major charge and convicted of an included or lesser offense, such as common law robbery, or assault, or larceny from the person, or simple larceny, if a verdict for the included or lesser offense is supported by allegations of the indictment and by evidence on the trial. 42 C.J.S., Indictments and Information, §§ 275, 283, 293; *S. v. Jones, supra; S. v. Moore*, 211 N.C. 748, 191 S.E. 840; *S. v. Holt*, 192 N.C. 490, 135 S.E. 324; *S. v. Cody*, 60 N.C. 197. If the jury believed the testimony in the case under review, however, it was its duty to convict the defendants of robbery with firearms because all of the evidence tended to show that such offense was committed upon the prosecuting witness, Ernest Fox, as alleged in the indictment. There was no testimony tending to establish the commission of an included or lesser crime. The evidence necessarily restricted the jury to the return of one of two verdicts as to each defendant, namely, a verdict of guilty of robbery with firearms upon Ernest Fox, or a verdict of not guilty. It follows that the court did not err in failing to instruct the jury that they might acquit the defendants of the crime of robbery with firearms charged in the indictment in question and convict them of a lesser offense. *S. v. Sawyer*, 224 N.C. 61, 29 S.E. 2d 34; *S. v. Manning*, 221 N.C. 70, 18 S.E. 2d 821; *S. v. Cox*, 201 N.C. 357, 160 S.E. 358." *State v. Bell*, 228 N.C. 659, 46 S.E. 2d 834.

In this case, all the evidence shows the assaults on Erskine Hill with the pistol and axe handle were committed in connection with, as a part of, and included in the robbery. A conviction of that charge includes all elements of assault with a deadly weapon. This Court, *ex mero motu*, takes notice of the duplication, quashes the indictment charging the assault, sets aside the verdict, and arrests the judgment. We have exam-

ined the defendants' several assignments of error and find them without merit.

On the Robbery with Firearms Charge — No error.

On the Assault with a Deadly Weapon Charge — Judgment arrested.