STATE OF NORTH CAROLINA v. JERRY WAYNE HOPKINS

No. 6918SC303

(Filed 2 July 1969)

1. Criminal Law § 146— conviction upon plea of guilty — scope of appellate review

An appeal from a sentence imposed upon defendant's plea of guilty, voluntarily and understandingly made, presents only the face of the record proper for review, and the judgment must be affirmed when the sentence is within the limits prescribed by statute and no fatal defect appears upon the face of the record proper.

**2. Criminal Law § 23— plea of guilty — determination of voluntariness**

There is no merit in defendant's contention that his pleas of guilty were coerced or needlessly encouraged by action of the trial court, where record shows that defendant not only answered orally the questions of the trial judge relating to the voluntariness of the pleas, but also executed an affidavit encompassing the questions and answers.

**3. Indictment and Warrant § 8— merger of offenses**

In prosecution upon indictments charging defendant with armed robbery and with assault with a deadly weapon upon the same person on the same date, trial court did not err in failing to merge the offenses charged in the indictment, where there was no evidence in the record to show that the two offenses arose out of the same occurrence and where defendant entered a plea of guilty to both charges.

APPEAL by defendant from *Beal, S.J.,* at the 20 January 1969 Session of GUILFORD Superior Court, High Point Division.

By indictments proper in form, defendant was charged with armed robbery and assault with a deadly weapon with intent to kill resulting in serious injury not resulting in death. The offenses were alleged to have occurred on 26 October 1968, and C. R. Johnson, a State highway patrolman, was the alleged victim.

When the cases were called for trial, defendant pleaded not guilty. After evidence was introduced, arguments and charge to the jury were made, and while the jury was deliberating, the defendant tendered a plea of guilty of armed robbery, a felony, and guilty of assault with a deadly weapon, a misdemeanor. The court interrogated defendant regarding his pleas and, after finding that they were voluntarily and understandingly made, accepted the pleas. On the armed robbery charge, the court imposed an active prison sentence of not less than twenty-four nor more than thirty years; on the assault with deadly weapon charge, the court imposed a prison sentence of two years, this sentence to run concurrently with sentence imposed on the armed robbery charge. Defendant appealed.

*Attorney General Robert Morgan and Assistant Attorney General Millard R. Rich, Jr., for the State.*

*Haworth, Riggs, Kuhn & Haworth by Walter W. Baker, Jr., for defendant appellant.*

BRITT, J.

[1] It is well settled in this jurisdiction that an appeal from a sentence imposed upon defendant's plea of guilty, voluntarily and

understandingly made, presents only the face of the record proper for review, and the judgment must be affirmed when the sentence is within the limits prescribed by statute and no fatal defect appears upon the face of the record proper. 3 Strong, N.C. Index 2d, Criminal Law, § 146, p. 88.

[2]   Defendant contends that his pleas of guilty were "coerced or needlessly encouraged by the action of the trial court, in violation of constitutional due process." The record is completely void of any evidence to support this contention. To the contrary, the record contains the questions which the trial court asked the defendant before the court accepted his pleas; the defendant not only answered the questions orally but executed an affidavit encompassing the questions and answers. Based upon the court's interrogation of the defendant and the answers given by him, orally and in writing, the court determined that the defendant's pleas were freely, understandingly and voluntarily made, without undue influence, compulsion or duress, and without promise of leniency. The record fully supports the court's conclusion. The assignment of error relating to the pleas has no merit.

[3]   In defendant's other assignment of error, he contends that the trial court erred in failing to merge the felonious assault indictment with the armed robbery indictment and in accepting the plea of guilty to assault with a deadly weapon and entering judgment thereon. In support of this assignment of error, defendant relies on *State v. Parker*, 262 N.C. 679, 138 S.E. 2d 496, in which case defendant was charged with armed robbery and felonious assault; the defendant pleaded not guilty but was found guilty and was sentenced in each case. In an opinion by Higgins, J., the court held:

> "In this case, all the evidence shows the assaults on Erskine Hill with the pistol and axe handle were committed in connection with, as a part of, and included in the robbery. A conviction of that charge includes all elements of assault with a deadly weapon. This Court, *ex mero motu*, takes notice of the duplication, quashes the indictment charging the assault, sets aside the verdict, and arrests the judgment. * * *"

We do not think that *State v. Parker, supra*, is controlling in the instant case. In the first place, the record does not support defendant's contention that the alleged assault with a deadly weapon was a part of the alleged armed robbery. A transcript of the testimony is not included in the record on appeal. It is true that both indictments indicate that the offenses occurred on the same day and that C. R. Johnson was the victim in each case, but we do not deem these

two facts sufficient for us to conclude that the two offenses arose out of the same occurrence.

Furthermore, in *Parker* defendant pleaded not guilty to the charges; in the instant case defendant pleaded guilty. In *State v. Caldwell*, 269 N.C. 521, 153 S.E. 2d 34, in an opinion by Parker, C.J., the following was quoted with approval from *Brisson v. Warden of Connecticut State Prison*, 25 Conn. Sup. 202, 200 A. 2d 250:

> "The plea of guilty waives any defect which is not jurisdictional. It is a confession of guilt in the manner and form as charged in the indictment. An accused by pleading guilty waives all defenses other than that the indictment charges no offense. He also waives the right to trial and the incidents thereof and the constitutional guarantees with respect to the conduct of criminal prosecutions. . . . See 4 Wharton, Criminal Law and Procedure, § 1901; 5 *id*. § 2012; 2 Underhill, Criminal Evidence (5th Ed.) § 398; 14 Am. Jur., Criminal Law, § 272; 22 C.J.S. Criminal Law, § 424; see also *Grasso v. Frattolillo*, 111 Conn. 209, 212, 149 A. 838; *Weir v. United States*, 92 F. 2d 634, 114 A.L.R. 481 (7th Cir.), cert. denied, 302 U.S. 761, 58 S. Ct. 368, 82 L. Ed. 590, rehearing denied 302 U.S. 781."

The assignments of error are overruled and the judgment of the superior court is

Affirmed.

MALLARD, C.J., and PARKER, J., concur.