STATE OF NORTH CAROLINA v. JAMES R. JENKINS

No. 706SC131

(Filed 24 June 1970)

**1. Robbery § 4— armed robbery — nonsuit — failure to make verbal demand on victim**

That neither defendant nor his companion made any verbal demand on the prosecuting witness to surrender the money does not entitle defendant to a nonsuit in an armed robbery prosecution, where there is evidence that the witness immediately pitched the money onto the floor when a gun was pointed in his face.

**2. Robbery § 1— armed robbery — proof that money was taken**

It is not incumbent upon the State to prove that the defendants in an armed robbery prosecution actually took the money; the offense is complete if there is an *attempt* to take personal property by use of firearms or other dangerous weapons. G.S. 14-87.

**3. Criminal Law § 89— cross-examination — impeachment by prior inconsistent statements**

The solicitor in an armed robbery prosecution had a legitimate basis for cross-examining defendant's alibi witnesses with respect to their inconsistent statements to the officers investigating the offense, where the witnesses made several admissions which indicated that the prior statements to law enforcement officers differed materially from the alibi evidence they were giving in court.

**4. Robbery § 5— armed robbery — guilt of lesser offense — instructions**

Evidence in armed robbery prosecution did not warrant submission of an issue of defendant's guilt of common law robbery.

**5. Criminal Law § 115— instructions on lesser included offense**

Where there is no evidence that would permit a jury to find defendant guilty of a lesser included offense, it is not incumbent on the court to charge with respect thereto.

**6. Constitutional Law § 36— cruel and unusual punishment**

Sentence which was within the limits provided by law does not constitute cruel and unusual punishment.

APPEAL by defendant from *May, S.J.,* August 1969 Session of HALIFAX County Superior Court.

Defendant was tried under a bill of indictment charging him with the armed robbery of one Roy Inscoe, a violation of G.S. 14-87.

The State offered evidence tending to show that shortly after midnight, on 23 June 1969, Roy Inscoe, an employee of Peoples Theater in Roanoke Rapids, entered the upstairs of the theater to deposit in a safe located there a money bag containing the sum of $739.75. When he entered the upstairs area he met a man with a gun who said, "Hold it!". Inscoe testified: "I looked around and there was another man in another room. As I stepped back, I pitched the money into [sic] the floor and he said, 'Come on in with your hands up.'" Inscoe advised the men that he could not open the safe because they had "messed" with the dial which had been set for him to open. Inscoe was ordered into a closet. "They said, 'It will take us an hour to get in that safe. If you make any noise or come out I am going to blow your brains out.'" When Inscoe got out of the closet about an hour and forty-five minutes later the bag containing the money was gone. Inscoe stated that defendant was one of the two men who accosted him and was the man who pointed a pistol at him and told him to "hold it." Inscoe also stated: "I threw the money onto the floor because the gun was in my face."

Defendant and various members of his family testified that at the time of the alleged robbery defendant was enroute from the home of his father near Norlina to Roanoke Rapids.

The jury returned a verdict finding defendant guilty as charged in the bill of indictment and from judgment entered upon the verdict defendant appealed.

*Robert Morgan, Attorney General, by Carlos W. Murray, Jr., Staff Attorney, for the State.*

*Hux and Livermon by James S. Livermon, Jr., for defendant appellant.*

GRAHAM, J.

[1] Defendant contends that the case should have been nonsuited because the evidence shows that neither the defendant nor his companion made any verbal demand that the prosecuting witness surrender the money. This contention is without merit. No verbal demand was necessary as the witness responded immediately when the gun was pointed in his face by pitching the money onto the floor.

It may be that the original purpose of defendant and his companion in going to the upstairs of the theater in the dead of night was to commit larceny or some crime other than armed robbery. However, when Inscoe appeared on the scene and was threatened with a pistol and ordered into a closet in an effort by defendant and his companion to further their unlawful purpose, the offense became one of armed robbery.

[2]  Defendant also argues that the State's case should fail because it was not positively established by the evidence that defendant or his companion took the bag of money which was thrown onto the floor. This argument is likewise completely without merit. No one was present in the upstairs of the theater during the period when the money disappeared other than the prosecuting witness and the two defendants, who had made their unlawful purposes well known. Furthermore, it was not incumbent upon the State to prove that defendants actually took the money. In a prosecution for the offense of armed robbery under G.S. 14-87 the offense is complete if there is an *attempt* to take personal property by use of firearms or other dangerous weapons. *State v. Rogers,* 273 N.C. 208, 159 S.E. 2d 525; *State v. Parker,* 262 N.C. 679, 138 S.E. 2d 496. "So great is the offense when life is endangered and threatened by the use of firearms or other dangerous weapons, that it is not of controlling consequence whether the assailants profit much or little, or nothing, from their felonious undertaking. The attempt to take property by the forbidden means, all other elements being present, completes the offense." *State v. Parker, supra,* at p. 682.

[3]  Defendant next contends that the court erroneously permitted the solicitor to propound certain questions on cross-examination which assumed the existence of facts which were not established in evidence or admitted. The questions concerned prior inconsistent statements that had been given by the witnesses to law enforcement officers investigating the offense. We find nothing improper about the questions. "A witness may be impeached by proof that on other occasions he has made statements inconsistent with his testimony on the present trial." Stansbury, N.C. Evidence 2d, § 46. The questions asked by the solicitor compare in no way with those condemned in *State v. Phillips,* 240 N.C. 516, 82 S.E. 2d 762, as suggested by defendant. Here the record clearly indicates that the solicitor had a legitimate basis for propounding the questions. The witnesses made several admissions regarding statements which they had previously made which indicate that their prior statements differed in material respects from the alibi evidence they gave in court. Also, Detective Harry House, Jr. testified for impeachment

purposes concerning prior inconsistent statements made to him by the witnesses. The court properly instructed the jury regarding the impeachment purposes of the detective's testimony, and his testimony, in our opinion, was clearly admissible.

[4, 5]   Defendant assigns as error the failure of the court to submit to the jury the issue of defendant's guilt of the lesser included offense of common law robbery. We find no evidence in the record tending to establish the lesser crime. Where there is no evidence that would permit a jury to find defendant guilty of a lesser included offense, it is not incumbent on the court to charge with respect thereto. *State v. Parker, supra.*

[6]   Defendant's two remaining assignments of error are also without merit. The court's charge to the jury was in no way prejudicial to defendant, and the sentence imposed was within the limits provided by law and does not constitute cruel and unusual punishment.

No error.

MALLARD, C.J., and MORRIS, J., concur.