STATE OF NORTH CAROLINA v. RICKY BLACK

No. 40

(Filed 26 November 1974)

**1. Robbery § 1 — common-law robbery**

Robbery at common law is the felonious taking of money or goods of any value from the person of another, or in his presence, against his will, by violence or putting him in fear.

**2. Robbery § 1 — armed robbery**

The gist of the offense of robbery with firearms is the accomplishment of robbery by the use or threatened use of firearms or other dangerous weapons.

**3. Robbery § 1 — common-law robbery — armed robbery — taking of property**

There must be an actual taking of property for there to be the crime of common-law robbery, whereas under G.S. 14-87 the offense is complete if there is an attempt to take property by use of firearms or other dangerous weapon.

**4. Robbery § 5 — armed robbery — submission of lesser offenses**

In a prosecution for robbery with a firearm, an accused may be acquitted of the major charge and convicted of an included or lesser offense, such as common-law robbery, or assault, or larceny from

the person or simple larceny, if a verdict for the included or lesser offense is supported by allegations in the indictment and by evidence on the trial.

**5. Robbery § 5 — armed robbery — failure to submit common-law robbery**

In a prosecution for robbery with a dangerous weapon, the trial court did not err in failing to charge the jury that it might return a verdict of guilty of the lesser included offense of common-law robbery where the State's evidence tended to show that defendant threatened the victim with a knife that was for sale in the victim's store and took the knife from the store, and defendant's evidence tended to show that he did not threaten the victim with the knife and did not take the knife, there being no evidence of a lesser offense.

Chief Justice BOBBITT not sitting.

APPEAL by defendant from the decision of the Court of Appeals, reported in 21 N.C. App. 640, 205 S.E. 2d 154 (1974), finding no error in the trial before *McConnell, J.,* at the 22 October 1973 Session of UNION Superior Court. Defendant's right of appeal arises from the dissenting opinion of Judge Baley. G.S. 7A-30(2).

Defendant was charged in a bill of indictment with robbery with a dangerous weapon, a knife, whereby the life of Mrs. Lonnie S. Carr was endangered and threatened, a violation of G.S. 14-87.

The evidence for the State tends to show that on 13 September 1973 Mrs. Lonnie S. Carr, who was 81 years of age, was operating her place of business, Carr's Novelty Shop, on Main Street in Monroe, North Carolina. Ricky Black (defendant), Michael Duncan, and Jack Coffey entered Mrs. Carr's store at approximately twelve noon. Defendant asked to see a certain knife, and Mrs. Carr gave him the knife for his examination and told him its price. The three stayed in the store until Mrs. Carr asked them to leave so she could close the store for lunch. After a few minutes' delay they left. Mrs. Carr locked the door and was having her lunch when defendant and Duncan returned. Mrs. Carr asked them what they wanted, and defendant said that he had come to buy the knife. Thereupon Mrs. Carr opened the door and they came in. She handed defendant the knife that he had previously looked at and told him the price was the same. The blade of the knife was open, as it had not been shut since it was previously examined. Defendant held the knife up and said, "If you don't give us this knife, we're going to get you." Mrs. Carr was then beaten and lost consciousness. She testified that the knife was taken.

Michael Duncan testified for the State. He denied that he or defendant robbed Mrs. Carr, although he had previously been convicted in juvenile court for robbing her on this occasion.

Defendant testified in his own behalf. He denied beating Mrs. Carr and taking the knife.

The record discloses that on 16 October 1973 defendant entered a plea of guilty to armed robbery before Judge A. P. Godwin, Jr., but that the plea was not accepted, and the case was set for trial the next week before a jury, at which time the jury returned a verdict of guilty of attempt to commit robbery with a dangerous weapon. From sentence imposed, defendant appealed to the Court of Appeals. That court found no error in the trial, and defendant appeals to this Court by virtue of G.S. 7A-30(2).

*Attorney General Robert Morgan by Donald A. Davis and John M. Silverstein, Assistant Attorneys General, for the State.*

*William H. Helms for defendant appellant.*

MOORE, Justice.

The trial court charged the jury that it might return a verdict of guilty of robbery with a dangerous weapon or not guilty. Defendant's sole assignment of error is to the court's failure to charge that the jury might also return a verdict of guilty of common-law robbery.

G.S. 14-87 in part provides:

> "Any person or persons who, having in possession or with the use or threatened use of any firearms or other dangerous weapon, implement or means, whereby the life of a person is endangered or threatened, unlawfully takes or attempts to take personal property from another or from any place of business . . . shall be guilty of a felony. . . ."

[1-3] Robbery at common law is the felonious taking of money or goods of any value from the person of another, or in his presence, against his will, by violence or putting him in fear. *State v. Moore,* 279 N.C. 455, 183 S.E. 2d 546 (1971); *State v. Stewart,* 255 N.C. 571, 122 S.E. 2d 355 (1961). G.S. 14-87 creates no new offense, but provides that when firearms or other dangerous weapons are used, more severe punishment may be imposed. *State v. Lee,* 282 N.C. 566, 193 S.E. 2d 705 (1973);

*State v. Rogers,* 273 N.C. 208, 159 S.E. 2d 525 (1968). The gist of the offense of robbery with firearms is the accomplishment of robbery by the use or threatened use of firearms or other dangerous weapons. *State v. Rogers, supra; State v. Williams,* 265 N.C. 446, 144 S.E. 2d 267 (1965). There must be an actual taking of property for there to be the crime of common-law robbery, whereas under G.S. 14-87 the offense is complete if there is an attempt to take property by use of firearms or other dangerous weapon. *State v. Rogers, supra; State v. Parker,* 262 N.C. 679, 138 S.E. 2d 496 (1964). Hence, in the present case the verdict of guilty of an attempt to commit robbery with a dangerous weapon has the same effect as a verdict of guilty of robbery with a dangerous weapon under the provisions of G.S. 14-87.

Although in the case now under consideration the record contains no description of the knife allegedly used by defendant, one described as identical to it was introduced in evidence and presumably was seen and examined by the jury. In *State v. Norris,* 264 N.C. 470, 141 S.E. 2d 869 (1965), it was held that evidence of defendant's pointing a pocketknife with opened blade at his victim was sufficient under the circumstances of that case to support a finding that the pocketknife was a dangerous weapon within the meaning of G.S. 14-87. *Accord, State v. Moore, supra. See also State v. Rowland,* 263 N.C. 353, 139 S.E. 2d 661 (1965).

[4] In a prosecution for robbery with a firearm, an accused may be acquitted of the major charge and convicted of an included or lesser offense, such as common-law robbery, or assault, or larceny from the person, or simple larceny, if a verdict for the included or lesser offense is supported by allegations of the indictment and by evidence on the trial. G.S. 15-170; *State v. Parker, supra; State v. Wenrich,* 251 N.C. 460, 111 S.E. 2d 582 (1959). However, as said in *State v. Hicks,* 241 N.C. 156, 84 S.E. 2d 545 (1954):

". . . The necessity for instructing the jury as to an included crime of lesser degree than that charged arises when and only when there is evidence from which the jury could find that such included crime of lesser degree was committed. The *presence of such evidence* is the determinative factor. Hence, there is no such necessity if the State's evidence tends to show a completed robbery and there is *no conflicting evidence* relating to elements of the crime

charged. Mere contention that the jury might accept the State's evidence in part and might reject it in part will not suffice."

*Accord, State v. Lee, supra; State v. Bell,* 228 N.C. 659, 46 S.E. 2d 834 (1948).

In the present case, Mrs. Carr testified that defendant held the opened knife between his palms, and after raising it said to her: "If you don't give us this knife, we are going to get you." She then testified: "That's the last thing I knew. I was down on the floor on my knees, and they had been beating my head. I could hear, but I couldn't see them. And I screamed. The boys that got the knife were beating my head. . . . My ear was cut. I had to go to the hospital and have about three stitches taken in it. I had on a little blue print dress. When I got up, I looked at it and there was blood all over it. The knife was taken. It had a value of $2.49, plus the taxes."

Michael Duncan testified for the State as follows: "He [defendant] told her he wanted some money, and she was talking and so she didn't hear him. He then again said he wanted some money, and then she jumped back and started to run. She ran toward the back of her store. That was all. When she went backward, Ricky [defendant] just stood there and looked at her, and then went out the back door. The two of us were in there about three minutes at that time. . . . Ricky said he left the knife there. I don't know what he did with the knife."

Defendant testifying in his own behalf said: "I had the knife looking at it. The woman was standing behind the counter. She was standing next to the wall on the back side of the counter. She might have thought I was going to take it, but I had the money in my pocket to pay for it. I was going to pay for it. She started hollering and screaming and ran to the right side of the counter where Michael was. Michael started beating the lady and she fell. She fell on her left knee and her head was laying on the glass counter on the left side. Michael started beating the lady in the head and I just stood there. I just stood there and the knife I had—I dropped it in the store on the floor. I ran over there and pushed Michael off the lady and he said, 'Are you going to get the money?' I said, 'No, let's get out of here.' So we ran."

In *State v. Fletcher,* 264 N.C. 482, 141 S.E. 2d 873 (1965), the defendant walked up to the prosecuting witness, pulled out

his knife, opened it, and said, "I want to see your pocketbook." The witness just stood there and defendant, holding the knife in his hand, pulled the pocketbook out of the witness's pocket and removed $24 from it. The trial court charged the jury that it might return one of three verdicts: "Guilty as charged, guilty of common-law robbery, or not guilty." The jury returned a verdict of "Guilty, as charged, of armed robbery." From sentence imposed, defendant appealed assigning error in the ruling on the motion to nonsuit and in the charge. This Court, in a *per curiam* opinion, stated:

> "The evidence, detailed above, obviously repelled defendant's motion for judgment of nonsuit. It likewise restricted the jury to two verdicts: guilty of robbery with a dangerous weapon, *i.e.*, a knife, or not guilty. *State v. Parker*, 262 N.C. 679, 138 S.E. 2d 496. Either defendant robbed Mulchi of $24.00 by the threatened use of a knife having a 2-3 inch blade or (a) no robbery occurred or (b) defendant was not the robber. Defendant's contention here that 'his Honor should have charged the jury on the guilt or innocence of the defendant as to the crime of larceny from the person' has no substance whatever. There was no evidence of larceny from the person. In charging the jury that it might return a verdict of common-law robbery, the court gave defendant a more favorable charge than the evidence justified."

[5] Here, if defendant's evidence was believed by the jury, defendant did not threaten Mrs. Carr with the knife and did not take the knife. On the other hand, if the State's evidence was believed by the jury, defendant threatened Mrs. Carr with the knife and took it from the store. Clearly, defendant robbed Mrs. Carr with a knife, or he did not rob Mrs. Carr at all. There was no testimony tending to establish the commission of an included or lesser crime. The evidence necessarily restricted the jury to the return of one of two verdicts; namely, a verdict of guilty of robbery with a dangerous weapon upon Mrs. Carr, or a verdict of not guilty. It follows that the court did not err by failing to instruct the jury that it might acquit the defendant of the crime of robbery with a dangerous weapon as charged in the bill of indictment and convict him of the lesser offense of common-law robbery. *State v. Williams*, 275 N.C. 77, 165 S.E. 2d 481 (1969) ; *State v. Bell, supra.*

For the reasons stated, the decision of the Court of Appeals finding no error in the trial is affirmed.

Affirmed.

Chief Justice BOBBITT not sitting.