STATE OF NORTH CAROLINA v. WILLIE BOB LUNSFORD

No. 754SC164

(Filed 21 May 1975)

**Assault and Battery § 5; Criminal Law § 26; Robbery § 6— armed robbery — assault with deadly weapon — same occurrence — arrest of judgment**
    A defendant who was convicted of armed robbery and assault with a deadly weapon is entitled to an arrest of judgment on the

assault conviction when both offenses arose out of the same occurrence, since assault with a deadly weapon is a lesser included offense within the crime of armed robbery.

ON writ of *certiorari* to review judgments by *Martin (Robert M.) Judge,* entered 28 October 1973 in Superior Court, ONSLOW County. Heard in the Court of Appeals 6 May 1975.

By separate indictments, proper in form, defendant was charged with (1) armed robbery and (2) assault with a deadly weapon with intent to kill inflicting serious injuries not resulting in death. Both offenses allegedly occurred on 6 September 1973 and Diane Jo Albertson was the alleged victim.

A jury found defendant guilty of armed robbery and assault with a deadly weapon. From judgments imposing prison sentence of not less than 20 nor more than 25 years on the armed robbery charge, and a sentence of two years (to run concurrently with the other sentence) on the assault with a deadly weapon charge, defendant appealed.

*Attorney General Edmisten, by Associate Attorney Raymond L. Yasser, for the State.*

*Cameron and Collins, by E. C. Collins, for defendant appellant.*

BRITT, Judge.

Defendant assigns numerous errors to the admission of certain testimony and the court's instructions to the jury. We have carefully considered each of these assignments, but find no merit in any of them.

Defendant assigns as error the entry of judgment on the verdict of assault with a deadly weapon returned by the jury. This assignment has merit.

The evidence tended to show that the robbery in question was perpetrated by defendant and one Louis Vega; that Vega was the one that entered the store, robbed the female clerk with the aid of a pistol, and shot her during the course of the robbery, causing superficial injuries; and that defendant was the "get-away-man", waiting in a car while Vega committed the robbery. Principal testimony against defendant was provided by Vega.

In *State v. Richardson,* 279 N.C. 621, 628, 185 S.E. 2d 102 (1971), opinion by Chief Justice Bobbitt, the court said:

> The crime of robbery includes an assault on the person. *State v. Hicks,* 241 N.C. 156, 159, 84 S.E. 2d 545, 547 (1954). The crime of armed robbery defined in G.S. 14-87 includes an assault on the person with a deadly weapon. The crime of felonious assault defined in G.S. 14-32(a) is an assault with a deadly weapon which is made with intent to kill and which inflicts serious injury. These additional elements of the crime of felonious assault are not elements of the crime of armed robbery defined in G.S. 14-87.

> If a person is convicted simultaneously of armed robbery and of the lesser included offense of assault with a deadly weapon, and both offenses arise out of the same conduct, as in *State v. Parker,* 262 N.C. 679, 138 S.E. 2d 496 (1964), and *State v. Hatcher,* 277 N.C. 380, 177 S.E. 2d 892 (1970), and separate judgments are pronounced, the judgment on the separate verdict of guilty of assault with a deadly weapon must be arrested. In such case, the armed robbery is accomplished by the assault with a deadly weapon and *all* essentials of this assault charge are essentials of the armed robbery charge. However, if a defendant is convicted simultaneously of armed robbery and of *felonious* assault under G.S. 14-32(a), neither the infliction of serious injury nor an intent to kill is an essential of the armed robbery charge. A conviction of armed robbery does not establish a defendant's guilt of felonious assault.

In the case at bar, defendant was convicted simultaneously of armed robbery and of the lesser included offense of assault with a deadly weapon, and both offenses arose out of the same conduct. Consequently, the judgment on the separate verdict of guilty of assault with a deadly weapon must be arrested.

In No. 73-CR-14647 (armed robbery case), no error.

In No. 73-CR-14685 (assault case), judgment arrested.

Judges PARKER and VAUGHN concur.