State v. Mason

Reversed.

Judges ARNOLD and MARTIN concur.

---

STATE OF NORTH CAROLINA v. WENDELL MASON

No. 853SC100

(Filed 16 July 1985)

1. Criminal Law § 60— fingerprint evidence—corroboration of identification

Fingerprint evidence is admissible to corroborate the prosecuting witness's identification of defendant as the perpetrator of the crime charged.

2. Criminal Law § 60— time of impression of fingerprints—jury question

Ordinarily, the question of whether fingerprints could have been impressed only at the time the crime was committed is a question of fact for the jury and is not a question of law to be determined by the court prior to the admission of the fingerprint evidence.

3. Automobiles and Other Vehicles § 134; Larceny § 8— automobile larceny—necessity for instruction on unauthorized use

The trial court in an automobile larceny case erred in failing to instruct the jury on the lesser included offense of unauthorized use where the evidence showed that the victim's car was found within five blocks of her office and that defendant was staying within two blocks of the victim's office, since the jury could have reasonably concluded that defendant did not intend to deprive the victim of her car permanently.

APPEAL by defendant from *Winberry, Judge.* Judgment entered 18 October 1984 in Superior Court, CRAVEN County. Heard in the Court of Appeals 24 June 1985.

Defendant was charged in a proper bill of indictment with robbery with a dangerous weapon, felonious larceny and attempted rape. On a jury verdict of guilty to all counts, the court sentenced defendant to terms of 40 years for robbery with a dangerous weapon, 10 years for felonious larceny and 20 years for attempted rape, the sentences to run concurrently. From entry of judgment defendant appealed.

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General Claude W. Harris, for the State.*

*Bill Barker for defendant appellant.*

ARNOLD, Judge.

[1, 2] Defendant argues on appeal that the trial court erred when it admitted evidence of fingerprint identification in the absence of sufficient evidence to show that the fingerprints could only have been placed on the victim's vehicle at the time of the crime. Fingerprint evidence is admissible to corroborate the prosecuting witness's identification of defendant as the perpetrator of the charged crime. *State v. Banks*, 295 N.C. 399, 412, 245 S.E. 2d 743, 751-52 (1978). Ordinarily, the question of whether the fingerprints could have been impressed only at the time the crime was committed is a question of fact for the jury and is not a question of law to be determined by the court prior to the admission of fingerprint evidence. *State v. Irick*, 291 N.C. 480, 489, 231 S.E. 2d 833, 839 (1977).

Further, the State does not rely primarily on the fingerprint evidence for identification of the defendant as the assailant. Both the victim and her assistant identified defendant. We find no reversible error in the trial judge's admission of the fingerprint evidence.

[3] Defendant argues that the trial court erred by failing to instruct the jury on the lesser included offense of unauthorized use of an automobile. Defendant objected to the trial court's instructions before the jury retired to consider its verdict, as required by Rule 10(b)(2), Rules of Appellate Procedure. The trial judge must charge on a lesser included offense only when there is evidence which would support a conviction of the lesser crime. *State v. Bell*, 228 N.C. 659, 663, 46 S.E. 2d 834, 837 (1948). The evidence shows that the victim's car was found within five blocks of her office. The defendant was staying in the same vicinity, within two blocks of the victim's office. The jury could have reasonably concluded that the defendant did not intend to deprive the victim of her car permanently. The requested charge on the lesser included offense of unauthorized use of a motor vehicle should have been given.

Reversed as to the larceny charge, and remanded for new trial.

Chief Judge HEDRICK and Judge PARKER concur.