### STATE v. HERMAN SIPES.

(Filed 23 May, 1951.)

**1. Robbery § 1a—**

Robbery is the felonious taking of personal property from the person of another, or in his presence, without his consent, or against his will, by violence, intimidation or putting in fear, the degree of force being immaterial so long as it compels the victim to permit the taking.

**2. Same—**

Force as an element of robbery may be actual or constructive; constructive force being all means, including demonstrations of force or menaces, by which the victim is put in fear sufficient to suspend the free exercise of his will or prevent him from resisting the taking.

**3. Robbery § 3—**

Evidence tending to show that defendant and two other men unknown to the prosecuting witness directed the witness to get into defendant's car, that he was driven to a secluded spot where his knife was taken away from him and thrown away, and that defendant then took the witness' pocketbook containing fifteen dollars, the three being together with one of them having his hand in his pocket in such a manner as to lead the witness to believe he had some weapon, and that the witness surrendered his money from fear, *is held* sufficient to overrule defendant's motions to nonsuit in a prosecution for robbery.

APPEAL by defendant from *Clement, J.,* December Term, 1950, GUILFORD (High Point Division).

Criminal prosecution on bill of indictment charging the defendant with the commission of the crime of robbery with the use or threatened use of firearms.

On the night of 11 August 1950, Luther Coble went to the West Green Tavern in High Point for a bottle of beer. He was approached by defendant who suggested they match for a drink. Coble won. Sipes then suggested they match for 50 cents. Defendant won and then suggested they match for $1. Coble won. The defendant refused to pay, and they started arguing. The man behind the counter ordered them to leave. They went out, and two other men came up and said, "All right, Coble, come and let's get in Sipes' car." One of them had his hand in his pocket. Not knowing what the man had in his pocket, but thinking he might have a weapon, Coble got in the car. The three other men also got in and Sipes drove down behind the railroad cafe into an old cement mixing plant, turned around, and told Coble to get out. He asked Coble if he had a knife. Coble replied in the affirmative and gave his knife to Sipes who threw it away. He then took Coble's pocketbook, took out $15, and hit Coble in the face. Coble ran away and called the police. Later, Sipes was arrested in the tavern where he and Coble first met. Sipes denied he had ever seen Coble. Coble testified that he went with the three men because he was scared and gave up his pocketbook because he did not know whether they had a gun. After Sipes was arrested he told Coble "he would pay me my money back if he could and told me at first, I will give you your money back if you don't appear in court against me and it will be easier on each of us."

There being no sufficient evidence of the use of firearms, the court submitted the cause to the jury on the count of robbery. There was a verdict of guilty. The court pronounced judgment on the verdict and defendant appealed.

*Attorney-General McMullan, Assistant Attorney-General Bruton, and Charles G. Powell, Jr., Member of Staff, for the State.*

*York, Morgan & York for defendant appellant.*

BARNHILL, J. Only one question is presented for decision. Is the evidence, considered in the light most favorable to the State, sufficient to repel defendant's motion to dismiss as in case of nonsuit?

Robbery is the felonious taking of personal property from the person of another, or in his presence, without his consent, or against his will, by violence, intimidation or putting in fear. *S. v. Bell,* 228 N.C. 659, 46 S.E. 2d 834; *S. v. Lunsford,* 229 N.C. 229, 49 S.E. 2d 410.

The degree of force is immaterial so long as it is sufficient to compel the victim to part with his property or property in his presence, and the element of force may be actual or constructive. *S. v. Sawyer,* 224 N.C. 61, 29 S.E. 2d 34.

"Constructive force" includes all demonstrations of force, menaces, and other means by which the person robbed is put in fear sufficient to suspend the free exercise of his will or prevent him from resisting the taking. *S. v. Sawyer, supra.*

The evidence tested by these controlling principles leads to the conclusion that it is sufficient to support the verdict.

Defendant and two other men unknown by Coble directed him to get into defendant's automobile. He was driven to a secluded spot. His knife was taken and thrown away. Defendant then took his pocketbook containing $15. There were three to one, and one of the three had his hand in his pocket in such manner as to lead Coble to believe he had some weapon. Coble was put in fear and his money was taken from his person by defendant and his companions. Whether in so doing they committed the crime of robbery was for the jury to decide.

In the trial below we find

No error.