STATE v. MARSHALL NORMAN HICKS.

(Filed 24 November, 1954.)

**1. Robbery § 1a—**

The crime of robbery *ex vi termini* includes an assault on the person.

**2. Robbery § 3—**

In a prosecution for robbery, the court must submit the question of defendant's guilt of assault in those instances where the evidence warrants such finding, even in the absence of a request, and even though the State contends solely for conviction of robbery and the defendant contends solely for complete acquittal.

**3. Same—**

If the State's evidence tends to show a completed robbery and there is no conflicting evidence relating to the elements of this offense, the court is not required to submit the question of defendant's guilt of assault.

**4. Same—Evidence in this prosecution for robbery held to require submission of question of defendant's guilt of assault.**

In this prosecution for robbery, the prosecuting witness testified that defendant came to his house, saw the prosecuting witness put a large sum of money in his pocketbook, that upon returning from a trip, defendant entered the house with him, hit him on the head, and took his pocketbook

out, threw it on the floor and left. Defendant's evidence was to the effect that the prosecuting witness at the time of the alleged robbery did not have the large sum of money as testified to by the prosecuting witness, or any such sum, and that defendant did not go into the prosecuting witness' house upon return from the trip. *Held:* Conceding that defendant assaulted the prosecuting witness, it does not necessarily follow from the evidence that defendant by means thereof robbed the witness of such sum, or any other amount, and it was the duty of the trial court to submit to the jury the question of defendant's guilt of assault. G.S. 15-169.

**5. Criminal Law §§ 53g, 81c (2)—**

When presented by the evidence, it is the duty of the trial court, even in the absence of a request, to submit to the jury the question of defendant's guilt of a lesser degree of the offense, and error in failing to do so is not corrected by a verdict convicting the defendant of the graver offense.

APPEAL by defendant from *Whitmire, Special J.,* March 1954 Term, of GASTON.

Criminal prosecution on bill of indictment containing two counts, the first charging common law robbery and the second charging the statutory felony of robbery with firearms or other dangerous weapons as defined in G.S. 14-87. The first count charged that the defendant on 17 August, 1953, "unlawfully, wilfully and feloniously, . . . did commit an assault upon and put in fear of life one Walter Abernethy and by means aforesaid and by threats of violence, did steal, take and carry away from his person and did rob . . . the said Walter Abernethy, of the sum of $1,550.00 in money, the property of the said Walter Abernethy, . . ."

Abernethy, the prosecuting witness, and Hicks, the defendant, had worked side by side in a mill. Abernethy had known Dock Hicks, defendant's father, for many years. Dock Hicks lived in Lincolnton. On Sunday night, 17 August, 1953, defendant went to Abernethy's home near Gastonia about 8 p.m. There they drank some liquor Abernethy had at the house. They left Abernethy's home, got in the defendant's car, stopped while Abernethy purchased another pint of liquor, and then drove to Dock Hicks' home in Lincolnton. Apart from these undisputed facts the evidence is in sharp conflict.

Abernethy testified that on Saturday, 16 August, 1953, he had received $1,550.00 from one Walter Cooper, which Cooper had been keeping for him; that he had this money out when defendant came to his home on Sunday night; that, upon defendant's arrival, he put the money in his pocketbook; and that no one saw the money except the defendant. The investigating officer testified that Abernethy had told him that he had gotten the money through a filling station deal. Abernethy admitted on cross-examination that he had told the officer that the money "came through a filling station," that he did not sell a filling station to Walter

Cooper, and that he had no explanation of what he meant when he made this statement to the officer. Walter Cooper was not a witness. The defendant testified that he saw no money at Abernethy's home.

Testimony offered by defendant tended to show that in Lincolnton Abernethy took Dock Hicks aside, told him that he and defendant were out on a little drinking party but "that he was broke and wanted to borrow $2.00 to get liquor." Abernethy testified that no such incident occurred.

Abernethy testified that he and defendant got back to his home about 3 a.m., sat in the car about an hour, and then went into his house together. The defendant's testimony was to the effect that they reached Abernethy's home about 12:30 a.m., that he did not get out of his car, and that Abernethy got out of the car and was walking towards his home as defendant drove away.

The testimony of Abernethy as to what occurred after their return to the Abernethy house, is brief: "He hit me in the back of the head, knocking me to my knees, then hit me on the head with a chair, and then took my pocketbook out, threw it on the floor, and left." Other witnesses, without objection, testified that Abernethy told them that the defendant had hit him in the head and robbed him of $1,550.00.

There was testimony that Abernethy, on Monday, 18 August, 1953, had a black eye, bruised and swollen cheek, and a knot on the back of his head.

The investigating officer testified that he was unable to learn that the defendant had spent any money after the alleged robbery. There was no testimony that the defendant was observed to have any appreciable amount of money in his possession after the alleged robbery.

The court, in its instructions, limited the jury to one of two possible verdicts, that is, either guilty of common law robbery or not guilty. Upon the jury's return of a verdict of guilty of common law robbery, the court pronounced judgment that the defendant be confined in the State's Prison for a term of not less than five nor more than seven years. The defendant excepted and appealed, assigning errors.

*Attorney-General McMullan, Assistant Attorney-General Bruton, and Charles G. Powell, Jr., Member of Staff, for the State.*

*Mullen, Holland & Cooke for defendant, appellant.*

BOBBITT, J. Is there error in the charge on account of the instructions requiring the jury to return a verdict of guilty of common law robbery or a verdict of not guilty? This is the determinative question on this appeal.

The statute bearing directly upon the factual situation disclosed by the evidence is G.S. 15-169, which reads as follows:

"15-169. Conviction of assault, when included in charge.—On the trial of any person for rape, or any felony whatsoever, when the crime charged includes an assault against the person, it is lawful for the jury to acquit of the felony and to find a verdict of guilty of assault against the person indicted, if the evidence warrants such finding; and when such verdict is found the court shall have power to imprison the person so found guilty of an assault, for any term now allowed by law in cases of conviction when the indictment was originally for the assault of a like character."

No need arises to restate definitions of the crime of robbery. *S. v. Sipes,* 233 N.C. 633, 65 S.E. 2d 127; *S. v. Lunsford,* 229 N.C. 229, 49 S.E. 2d 410; *S. v. Bell,* 228 N.C. 659, 46 S.E. 2d 834. The notable fact here is that the crime of robbery *ex vi termini* includes an assault on the person. *S. v. Holt,* 192 N.C. 490, 135 S.E. 324. Moreover, the bill of indictment upon which defendant was tried charges in express terms that the defendant assaulted Abernethy and by means thereof robbed him.

The question posed is whether the evidence brings this case within the rule of *S. v. Holt, supra,* and *S. v. Lunsford, supra,* or within the rule of *S. v. Sawyer,* 224 N.C. 61, 29 S.E. 2d 34, and *S. v. Bell, supra;* for under G.S. 15-169 the jury may acquit of the felony and return a verdict of guilty of assault *if the evidence warrants such finding.* If the evidence warrants such finding, the trial judge must submit that phase of the case to the jury whether requested to do so or not. *S. v. Holt, supra.*

In *S. v. Holt, supra,* there was evidence tending to show that the money was paid voluntarily by the State's witness to the defendant and thereafter the alleged assault occurred. In *S. v. Lunsford, supra,* there was evidence tending to show that the defendants took a pistol from the prosecuting witness to prevent him from harming them or some other person. In each of these cases, a new trial was ordered because of the failure of the trial judge to instruct the jury that they might find the defendant guilty of assault.

In *S. v. Sawyer, supra,* and in *S. v. Bell, supra,* the only evidence relating to elements of the crime charged was the State's evidence, tending to show a completed robbery. In each of these cases, the court held that the trial judge in such case was correct in requiring the jury to return a verdict of guilty of robbery as charged or a verdict of not guilty. Hence, the verdicts and judgments were sustained.

The distinction is this: The necessity for instructing the jury as to an included crime of lesser degree than that charged arises when and only when there is evidence from which the jury could find that such included crime of lesser degree was committed. The *presence of such evidence* is the determinative factor. Hence, there is no such necessity if the State's

evidence tends to show a completed robbery and there is *no conflicting evidence* relating to elements of the crime charged. Mere contention that the jury might accept the State's evidence in part and might reject it in part will not suffice.

Applying the rule to the facts of this case, we find that the defendant's evidence is silent as to what, if anything, occurred in the Abernethy house upon return from the Lincolnton trip. As to this, his position is simply that he did not go into the house with Abernethy. So, with reference to the alleged assault, the only evidence before the court was the testimony of Abernethy. His testimony, if accepted, was sufficient to support a verdict of guilty of an assault with a deadly weapon, to wit, a chair. There is no other evidence bearing on this phase of the case. But, conceding such assault was made by defendant on Abernethy, it does not necessarily follow that the defendant by means thereof robbed Abernethy of $1,550.00 or any other amount. As appears in the above statement of facts, there is evidence tending to show that Abernethy, at the time of the alleged robbery, did not have $1,550.00 or any such sum.

In view of such conflicting evidence, relating to an essential element of the crime of robbery, we are constrained to hold that the rule of *S. v. Holt, supra,* and *S. v. Lunsford, supra,* applies here, and that the jury should have been instructed that if they found from the evidence beyond a reasonable doubt that the defendant assaulted Abernethy with a chair as Abernethy's testimony tended to show, but failed to find from the evidence beyond a reasonable doubt that the defendant robbed Abernethy, they would return a verdict of guilty of an assault with a deadly weapon. Error in this respect is not cured by a verdict convicting the defendant of the more serious crime of robbery. *S. v. Williams,* 185 N.C. 685, 116 S.E. 736; *S. v. Childress,* 228 N.C. 208, 45 S.E. 2d 42; *S. v. DeGraffenreid,* 223 N.C. 461, 27 S.E. 2d 130.

True, in such cases the State may contend solely for conviction of robbery and the defendant may contend solely for complete acquittal, but the trial judge, when there is evidence tending to support a verdict of guilty of an included crime of lesser degree than that charged must instruct the jury that it is permissible for them to reach such a verdict if it accords with their findings. *S. v. Jones,* 79 N.C. 630; *S. v. Childress, supra.*

For the error indicated, there must be a new trial; and it is so ordered

New trial