STATE OF NORTH CAROLINA v. LANGEL CROSSIE GRAINGER

No. 735SC491

(Filed 8 August 1973)

1. Criminal Law § 90— impeachment of own witness — repetition of question proper

The trial court has discretionary power to permit a party to re-examine, or even cross-examine, his own witness who surprises him by the testimony, for the purpose of enabling the witness to understand the question and testify correctly; therefore, the trial court did not err in allowing the solicitor to question the witness again with respect to consent after the 13-year-old rape victim testified that she had given defendant consent.

2. Rape § 4— evidence of victim's prior sexual activity — competency

Trial court in a rape prosecution did not err in excluding testimony with respect to the victim's prior sexual activity where it was doubtful that the questions involved would have required answers which would have revealed prior sexual activity and where the defendant later did ask the witness about prior sexual activity, to which the witness responded that she "had never had relations with any other man."

3. Rape § 6— submission of lesser offense of assault with intent to commit rape proper

Where defendant in a rape prosecution offered evidence which would support a finding that there was no penetration, it was proper for the trial court to submit to the jury the lesser included offense of assault with intent to commit rape.

APPEAL by defendant from *Rouse, Judge,* 4 December 1972 Session of Superior Court held in NEW HANOVER County.

Defendant was charged in a bill of indictment, proper in form, with the felony of rape. Upon his plea of not guilty he was tried by a jury.

Evidence for the State tended to show the following: Ruby Beatrice Simmons (Ruby) was thirteen years of age on 15 October 1972. She lived with her mother, father, two sisters, and two brothers on Highway 421 in New Hanover County. Mr. & Mrs. Jack Reynolds lived across the road from Ruby. The Reynolds' lot contains a house (in which they lived), a trailer and a storage shed. Defendant, a 37-year-old man, often visited the Reynolds, and on occasions he would bring cold drinks, potato chips, and cigarettes to Ruby and her sisters. Defendant told Ruby two or three times that he was going to rape her.

Between 5:30 p.m. and 7:00 p.m. on 15 October 1972, Ruby and her sisters were cleaning house while their mother and father were visiting a relative. As Ruby was sweeping the front porch and walkway, Mr. Donnie Reynolds called to Ruby to come over to the Reynolds' yard. Ruby went over to see what he wanted. As she was talking to Reynolds, defendant came out of the Reynolds' house, grabbed Ruby from behind, held his hand over her mouth, and dragged her into the storage shed. Once inside the shed, defendant locked the doors, removed all of Ruby's clothes and all of his own. He laid her on an old bed and had sexual intercourse with her. Defendant offered Ruby money and clothes if she would not tell anyone. When defendant released Ruby, she dressed and went immediately home where she told her sisters what had happened. When her mother and father returned home she also told them.

Defendant's evidence tended to show the following: The State Bureau of Investigation laboratory examination failed to shows the presence of hair, blood, or seminal stains on the underclothing of defendant or Ruby. A vaginal smear was taken in a medical examination of Ruby on 15 October 1972 and no sperm was found.

The jury found defendant guilty of the lesser included offense of an assault with intent to commit rape. Judgment was entered that defendant be imprisoned for a term of not less than fourteen nor more than fifteen years. Defendant appealed.

*Attorney General Morgan, by Associate Attorney Sloan, for the State.*

*Prickett & Scott, by Herbert P. Scott and Carlton S. Prickett, Jr., for the defendant.*

BROCK, Judge.

[1] Defendant assigns as error that the trial judge permitted the State to impeach its own witness. Immediately following the description by Ruby Beatrice Simmons of the manner in which defendant forced her into the shed, removed her clothes, and had sexual intercourse with her as she struggled with him, the examination by the Solicitor continued as follows:

> "Q. Now, Miss Simmons, state whether or not at any time during your being in the shed with Mr. Grainger you ever gave consent to Mr. Grainger to have sexual intercourse with you?
>
> MR. PRICKETT: OBJECTION.
>
> COURT: Well, OVERRULED. Let's see what she says?
>
> A. Yes.
>
> Q. What was your answer?
>
> A. Yes.
>
> Q. Did you or did—did you give consent to him?
>
> A. No.
>
> MR. PRICKETT: I OBJECT. She is a bound—
>
> COURT: OVERRULED."

Defendant argues that the State is bound by the first answer given by the witness. It is obvious that the witness misunderstood the question and the trial judge was correct in permitting the question to be asked again. It is well established that a party may not impeach his own witness in either a civil or criminal trial. However, the trial court has discretionary power to permit a party to reexamine, or even cross-examine, his own witness who surprises him by the testimony, for the purpose of enabling the witness to understand the question and testify correctly. 7 Strong, N. C. Index 2d, Witness, § 4, p. 695. Defendant has shown no abuse of discretion. This assignment of error is overruled.

[2] Defendant next assigns as error that the trial court failed "to permit the defense to cross-examine the State's witness as

regarding prior sexual activity." Objections to the following questions asked by defense counsel were sustained:

"Q. Now, has anyone else ever touched you before?

MR. STANLEY: OBJECTION, Your Honor.

COURT: Well, objection to that question is SUSTAINED.

Q. Ruby, have you ever had your clothes off in front of any other man?

MR. STANLEY: OBJECTION.

COURT: SUSTAINED.

Q. Had Donnie Reynolds ever taken your clothes off?

MR. STANLEY: OBJECTION.

COURT: OBJECTION IS SUSTAINED."

It is doubtful that any of the above questions required an answer that would reveal prior sexual activity. But, whether relevant or not, defendant later was allowed to ask Ruby about prior sexual activity. Her answer was "Before this thing occurred, I had never had relations with any other man." This assignment of error is overruled.

[3]  Defendant next assigns as error that the trial judge permitted the jury to consider the lesser included offense of assault with intent to commit rape.

"The necessity for instructing the jury as to an included crime of lesser degree than that charged arises when and only when there is evidence from which the jury could find that such included crime of lesser degree was committed. The *presence of such evidence* is the determinative factor." *State v. Hicks*, 241 N.C. 156, 159, 84 S.E. 2d 545, 547. However, if an error favorable to defendant is committed, he is not prejudiced and has no grounds to complain. *State v. Murry*, 277 N.C. 197, 176 S.E. 2d 738. Nevertheless, in the present case defendant offered the recording of a prior interview of Ruby Beatrice Simmons from which there is a reasonable inference which would support a finding that there was no penetration. In view of this evidence it was proper to submit the lesser included offense of assault

with intent to commit rape. This assignment of error is over-ruled.

No error.

Judges VAUGHN and BALEY concur.