STATE OF NORTH CAROLINA v. EDDIE WHITE

— AND —

STATE OF NORTH CAROLINA v. OTIS DEXTER KEARNEY

No. 7410SC156

(Filed 3 April 1974)

1. Criminal Law § 84— admissibility of evidence seized — failure to make findings on voir dire

Where there was no conflict in the evidence on a *voir dire* hearing to determine admissibility of evidence found as a result of a

State v. White and State v. Kearney

search made of defendants at the police station, failure of the trial judge to make findings of fact before ruling on defendants' motions to suppress was not fatal.

2. **Arrest and Bail § 3; Searches and Seizures § 1— prison escapees — arrest and search without warrant**

Defendants had no standing to challenge the probable cause for their warrantless arrest where they were escapees from the State's prison system, an officer heard their description on a police radio broadcast, observed defendants and had them arrested as escapees; furthermore, it was entirely reasonable for officers to search defendants after they were apprehended, and items belonging to a robbery victim found during the search were admissible in this common law robbery case.

3. **Arrest and Bail § 3— prison escapees — arrest without warrant**

Prison escape is a continuing offense, and arrest of defendants as prison escapees without a warrant was justified where officers had reasonable ground to believe that defendants were committing the offense in their presence.

4. **Robbery § 5— common law robbery — failure to submit lesser included offenses**

Trial court in a common law robbery case did not err in failing to submit to the jury lesser included offenses of assault and larceny where under no reasonable view of the evidence could the jury have found either that defendants had simply beaten the victim without robbing him or that they had taken his property after finding him unconscious on the sidewalk.

APPEAL by defendants from *Blount, Judge,* 4 September 1973 Session of Superior Court held in WAKE County.

Defendants were separately indicted but jointly tried for the common-law robbery of one Bouchett. The State's evidence tended to show: On the night of 28 January 1973 Bouchett and the two defendants, White and Kearney, were patrons at the Teddy Bear Lounge in Raleigh, N. C. About 11:00 p.m., Bouchett left the Lounge and started walking toward his hotel. When he had walked approximately 400 feet, he was knocked unconscious by a blow on the head, and his wrist watch and wallet, containing approximately $40.00 in cash and a Brigg's Hardware sales slip for a recently purchased hot plate, were taken from him. The bartender at the Lounge, who was personally acquainted with Kearney, saw both defendants leave the Lounge together within four or five minutes after Bouchett had left. Within a few minutes thereafter, a police officer in a patrol car discovered the unconscious Bouchett lyng on the sidewalk. Immediately before this, the officer had observed two white

males walking away on the sidewalk at a point approximately 75 feet from where he found Bouchett. No one else was seen in the area at that time. Shortly thereafter, Raleigh police officers stopped the two defendants in the immediate vicinity and arrested them on charges that they were escapees from the State prison system. A subsequent search at the police station uncovered Bouchett's watch and $16.10 on White and the Brigg's Hardware sales slip and $23.17 on Kearney.

Defendant White presented the testimony of his mother and father, who testified that they had given him the watch found in his possession as a Christmas present. Defendant Kearney did not present any evidence.

The jury found each defendant guilty as charged, and judgments were entered sentencing each defendant to prison for not less than eight nor more than ten years, the sentences to run consecutively with any sentences then being served.

*Attorney General Robert Morgan by Associate Attorney C. Diederich Heidgerd for the State.*

*Emanuel & Thompson by W. Hugh Thompson for defendant appellant White.*

*Weaver & Noland by Everette Noland for defendant appellant Kearney.*

PARKER, Judge.

There was ample evidence to require submission of the cases to the jury as to each defendant, and their motions for nonsuit were properly overruled.

Appellants assign error to denial of their motions to suppress the evidence found as a result of the search made of defendants at the police station, contending that the search was unlawful. Prior to ruling on the motions to suppress, the trial court conducted a voir dire examination to determine the admissibility of the evidence. At the close of this examination, the court, without making findings of fact, denied defendants' motions to suppress, and in this ruling we find no error.

[1] The evidence presented at the voir dire consisted solely of the testimony of two police officers. Their testimony was neither mutually contradictory nor contravened by any evidence presented by either defendant. Although it is the better practice in

all such cases for the trial judge to make findings of fact and enter them in the record, where, as here, there is no conflict in the evidence at the voir dire, the trial judge's failure to make findings of fact is not fatal, and the facts disclosed by the uncontradicted evidence will be assumed to have furnished the basis for the trial judge's subsequent ruling. *State v. Bell,* 270 N.C. 25, 153 S.E. 2d 741; *State v. Basden,* 8 N.C. App. 401, 174 S.E. 2d 613.

The evidence presented at the voir dire disclosed the following: While driving in his patrol car east on Martin Street, at about 11:15 p.m., Officer Broadwell passed two men walking west on the sidewalk. Almost at the same time, he saw Bouchett lying collapsed and bleeding about 75 feet further east on the sidewalk. Broadwell, finding Bouchett in need of immediate medical attention, radioed police headquarters for an ambulance and gave a general description of the two men he had just passed. Broadwell was then given by police radio a detailed description of two recent Oxford Prison Unit escapees. This detailed description had previously been broadcast by police radio at 11:05 p.m. to all officers on the 11:00 o'clock shift and was broadcast a second time shortly after Broadwell discovered the unconscious Bouchett at 11:15 p.m. The broadcast description referred to each of the defendants by name and gave a detailed description of the physical characteristics of each, including reference to a tattoo on defendant White's left hand. Following the second broadcast, the defendants were stopped and questioned, but were not immediately taken into custody, by several police officers on the corner of Hargett and Dawson Streets, a few blocks from the scene of the robbery. Broadwell, who had remained with Bouchett until the ambulance arrived, proceeded to Hargett and Dawson. There, he observed the defendants and found that the broadcast description of the two escapees closely matched the appearance of the defendants. Broadwell then ordered the arrest of defendants as escapees. Defendants were advised of their rights and taken to police headquarters, where a search revealed the objects subsequently admitted into evidence in the present case. Defendants were thereafter charged with common-law robbery of Bouchett and again advised of their rights.

[2] On the facts disclosed by the uncontradicted evidence at the voir dire, defendants' arrest and their subsequent search were lawful. As escapees from the State's prison system, they

State v. White and State v. Kearney

were subject to being apprehended and returned to custody at any time. It is feckless to argue, as appellants do on this appeal, that the State failed to show that the officers had probable cause to arrest them as escapees because, at the time of such arrest, the only information which the officers had was that contained in the police radio broadcasts. An escapee from the State's prison system may be lawfully seized and held in custody by the police, with or without probable cause. To make a lawful return of an escapee into the custody from which he fled, he need not be charged and convicted of the escape; it is only necessary that he be apprehended, since the original commitment from which he escaped remains in effect. Only had defendants been mistakenly identified as the escapees would the question of probable cause for their arrest arise. In this case there was no mistake in their identification as escapees, and they were in lawful custody at the time they were searched at the police station. Once they were apprehended, it was entirely reasonable for the police to search them, and the fruits of that search were admissible in evidence in the present case.

[3] By holding, as we do, that defendants in this case lacked standing to challenge the probable cause for their arrest, we do not imply that the officers may not actually have had probable cause to arrest in this case. Quite to the contrary. Prison escape is a continuing offense, and in our opinion the uncontradicted evidence in this case fully supports a finding that the officers had reasonable ground to believe that defendants were committing the offense in their presence. Arrest without a warrant was justified. G.S. 15-41 (1).

[4] There was no error in the trial court's failure to submit to the jury issues as to defendants' guilt of the lesser included offenses of assault and larceny. "The necessity for instructing the jury as to an included crime of lesser degree than that charged arises when and only when there is evidence from which the jury could find that such included crime of lesser degree was committed." *State v. Hicks,* 241 N.C. 156, 84 S.E. 2d 545. Under no reasonable view of the evidence in this case could the jury have found either that defendants had simply beaten Bouchett without robbing him or that they had taken his property after finding him unconscious on the sidewalk as result of a blow struck by some unknown third party. We also find no prejudicial error in other portions of the court's charge to which exception was noted.

In the trial and judgments appealed from we find

No error.

Judges BRITT and VAUGHN concur.