STATE OF NORTH CAROLINA v. JAMES ALFRED SANDERS

No. 7526SC797

(Filed 16 June 1976)

1. **Criminal Law § 86— prior offense — cross-examination outside jury's presence — no prejudice**

    Defendant was not prejudiced by the district attorney's question on *voir dire* as to whether he had on 23 December 1974 "snatched the purse of Alicia Wakefield, an old lady," since it was proper for the prosecutor to ask, for purposes of impeachment, about defendant's criminal and degrading conduct, and since the question was asked out of the presence of the jury.

2. **Criminal Law § 75— tape recorded confession — admissibility of transcript and testimony therefrom**

    It was not error for the trial court to allow the interrogating officer to read to the jury the transcription made from a tape recording of defendant's confession, nor was it error to allow the transcription to be introduced into evidence.

3. **Robbery § 5— attempted armed robbery — assault on a female — no lesser included offense**

    In a prosecution for attempted armed robbery, the trial court did not err in failing to instruct the jury that they should consider an issue as to defendant's guilt or innocence of the offense of assault on a female, since that offense was not a lesser included offense of the crime charged, as it included an element, that the victim be female, which was not included in the greater offense. Nor was it error for the court to fail to instruct the jury on the lesser offenses of assault with a deadly weapon or simple assault, since there was no evidence from which the jury could find that such lesser offenses were committed.

State v. Sanders

4. **Criminal Law § 114— jury instructions — greater time spent on State's evidence — no expression of opinion**
   The trial court did not express an opinion in violation of G.S. 1-180 by devoting a greater portion of the charge to the evidence of the State rather than of the defendant, since the greater part of the evidence was presented by the State.

5. **Criminal Law § 163— error in instructions — necessity for calling attention of trial court to**
   A slight inaccuracy in the statement of the evidence must be called to the court's attention in time to afford opportunity for correction.

APPEAL by defendant from *Gavin, Judge.* Judgment entered 24 April 1976. Heard in the Court of Appeals 23 January 1976.

Defendant was indicted for attempted armed robbery. He pled not guilty.

Luanne Galanty testified that at about 1:30 p.m. on 7 January 1975 she was standing in front of her place of employment when defendant drove into the parking lot. He got out of his car, walked toward her, and inquired concerning employment possibilities. She directed him to the office. As she was walking away, he grabbed her, pulled out a knife, which "looked like an ordinary steak knife with serrated edge," and dragged her to his car. She screamed and struggled, but did not remember defendant saying anything during the struggle other than telling her to "shut up." Defendant tried to push her into his car, but she managed to free herself and ran to the office. She was able to identify defendant's car as a "goldish color" Oldsmobile bearing license number BKE-407, and this information was promptly reported to the police. During the struggle Luanne Galanty received cuts on a finger and on both feet, for which she was treated at the hospital emergency room.

In the early afternoon of 7 January 1975 defendant was arrested when police found him sitting in the driver's seat of a "brownish-gold" Oldsmobile bearing license BKE-407. A steak knife with a serrated edge was found on the seat of the car. Defendant was taken to the Law Enforcement Center, where he was advised as to his constitutional rights. About 2:25 p.m. he signed a written waiver of his rights. After interrogation, defendant signed a written statement, which was transcribed from his prior tape recorded statement, in which he admitted that he grabbed Miss Galanty, pulled out his knife and dragged her toward his car, in order "to scare her into giving [him] some money."

Defendant presented four witnesses, his wife, mother, aunt, and a friend, who testified to his good character. Defendant testified and admitted he signed the statement, but testified he was coerced into doing so by the police. On cross-examination he testified that the knife introduced in evidence was not the one he had in his car.

Defendant was found guilty of attempt to commit armed robbery. From judgment imposing a prison sentence, he appeals.

*Attorney General Edmisten by Associate Attorney Jesse C. Brake for the State.*

*James L. Roberts for defendant appellant.*

PARKER, Judge.

[1] Defendant contends the court erred in failing to sustain his objection to a question asked by the district attorney, during cross-examination of defendant on the voir dire examination held to determine the admissibility of his confession, concerning whether defendant on 23 December 1974 had "snatched the purse of Alicia Wakefield, an old lady." While admitting that the opinion in *State v. Williams*, 279 N.C. 663, 185 S.E. 2d 174 (1971), recognized that it is still permissible, for purposes of impeachment, to cross-examine a witness, including the defendant in a criminal case, by asking disparaging questions concerning collateral matters relating to his criminal and degrading conduct, defendant points out that such questions must be asked in good faith. He contends that the use of the phrase "old lady" by the prosecutor was "obviously designed to inflame the jury to the prejudice of the defendant," and that "[t]his action clearly illustrates the lack of good faith on the part of the prosecutor." The contention has no merit. Use of the phrase could not possibly prejudice defendant in the manner he asserts, since it occurred on voir dire in the absence of the jury. Defendant has failed to show bad faith on the part of the district attorney in asking the question.

[2] After the voir dire examination, the court made findings of fact from which it concluded that defendant's confession was voluntarily made while he was in full understanding of all of his Constitutional rights and after he had freely, knowingly, and voluntarily waived his Constitutional rights. On this appeal defendant raises no question concerning the Court's findings

State v. Sanders

and conclusions, and it is apparent from the record that these findings are fully supported by the evidence and that the findings, in turn, fully support the court's conclusions. Defendant contends, nevertheless, that the court erred in permitting the interrogating officer to read to the jury defendant's confession, which was transcribed from a tape recording made while defendant was being interrogated, and in permitting the written confession, signed by defendant, to be placed into evidence. He points to the possibility of errors in transcribing the statement as grounds for excluding the transcription. We find no error. Officer Hartness, who interrogated defendant, testified that he compared the recording with defendant's statement to determine if it was correct, allowed defendant to hear the entire tape, and allowed defendant to read the entire typed transcript to see if it was, in fact, what he had said. Officer Hartness testified that defendant "listened to the tape, the tape was transcribed, then he was given the statement and asked if it was true and accurate and if so, to sign it and he did." After the transcription was typed and signed, the tape recording was erased.

In this case it was defendant's confession, not the contents of the tape recording as such, which the State was seeking to prove. That a recording was made of an oral confession does not prevent one who heard the confession from testifying as to what was said. *State v. Davis* and *State v. Fish*, 284 N.C. 701, 202 S.E. 2d 770 (1974). Moreover, defendant admitted on cross-examination at his trial that his signature appears "on each and every sheet" of his transcribed confession, and neither at trial nor on this appeal does he point out any respect in which he contends the transcription failed to conform to his oral confession as given to the interrogating officer. There was no error in permitting the officer to read to the jury the transcription made from the recording or in allowing the transcription to be introduced into evidence.

[3] Defendant contends the court erred in failing to instruct the jury that they should consider an issue as to defendant's guilt or innocence of the offense of assault on a female. That offense was not a lesser included offense of the crime charged in the indictment on which defendant was tried, since it includes an element, that the victim be a female, which is not included in the greater offense. Only when all essentials of the lesser offense are included among the essentials of the greater offense should the less serious charge be considered as a "lesser

included offense." *State v. Stepney,* 280 N.C. 306, 185 S.E. 2d 844 (1971). Nor was the court in error in this case in failing to instruct the jury on the offenses of an assault with a deadly weapon or simple assault, which are lesser included offenses of the crime charged in the indictment. "The necessity for instructing the jury as to an included crime of lesser degree than that charged arises when and only when there is evidence from which the jury could find that such included crime of lesser degree was committed. The *presence of such evidence* is the determinative factor." *State v. Hicks,* 241 N.C. 156, 159, 84 S.E. 2d 545, 547 (1954). Here, the State's evidence showed all elements of the crime charged and there was no conflicting evidence relating to any of the elements. "Mere contention that the jury might accept the State's evidence in part and might reject it in part will not suffice." *State v. Hicks, supra,* p. 160.

[4]   Defendant contends the court violated G.S. 1-180 by giving unequal stress to the State's evidence and contentions. We do not agree. Considered as a whole, the court's charge to the jury fairly and accurately recapitulated the evidence and contentions of both the State and the defendant. That a greater portion of the charge related to the State's evidence was a natural result from the fact that the greater part of the evidence in this case was presented by the State. Defendant's evidence consisted solely of the testimony of four witnesses concerning his good character and his own testimony that his confession was coerced. The court fairly and accurately summarized defendant's evidence and correctly instructed the jury on the law arising thereon.

[5]   Finally, defendant contends the court erred in its charge by stating, while summarizing defendant's testimony, that "[o]n cross-examination he said he couldn't recall robbing anyone before." Apparently this had reference to defendant's answer, given in response to a question asked by the district attorney during cross-examination, in which defendant stated, "I don't know or can't recall if I robbed Miss Alicia Wakefield on Central Avenue on December 23." A slight inaccuracy in the statement of the evidence must be called to the court's attention in time to afford opportunity for correction, else an exception thereto will not be considered on appeal. 7 Strong, N. C. Index 2nd, Trial, § 33, p. 333. Here, defendant failed to call the trial judge's attention to the slight inaccuracy in his summary of defendant's testimony. Moreover, in view of the overwhelm-

ing evidence presented by the State to establish defendant's guilt, it is not conceivable that a different verdict could have resulted had the error complained of not occurred. We find defendant's trial to be free from prejudicial error.

No error.

Chief Judge BROCK and Judge ARNOLD concur.