STATE OF NORTH CAROLINA v. RALPH LEE BURDEN

No. 778SC1057

(Filed 16 May 1978)

1. **Homicide § 27.1— estranged wife riding with another man—no adequate provocation for shooting in heat of passion**

    Evidence that defendant shot his estranged wife when he found her riding in a car with another man was not sufficient to show adequate provocation for passion which would negate the malice of murder and reduce the crime to manslaughter.

2. **Homicide § 28.3— self-defense—no excessive force to require submission of manslaughter**

    A defendant on trial for murder was not entitled to an instruction submitting the issue of voluntary manslaughter on the theory of excessive force where the sole basis for the defense of self-defense was defendant's testimony that he heard shots and returned the fire in the direction from which the shots came, since defendant's testimony disclosed that he used only such force as was necessary to defend himself under the circumstances which he recounted.

APPEAL by defendant from *Cowper, Judge.* Judgment entered 11 August 1977 in Superior Court, WAYNE County. Heard in the Court of Appeals 25 April 1978.

Defendant was charged in proper bills of indictment with the murder of Edna Faye Burden and with assault with intent to kill inflicting serious injury to David Ward. The defendant plead not guilty to both charges, whereupon, the State presented evidence tending to show the following:

The defendant and his wife, Edna Faye Burden, separated in September of 1976. Soon thereafter, Edna Faye began dating David Ward who lived in Washington, D.C. On 27 May 1977 Ward traveled to Goldsboro, North Carolina, to attend a dance with Edna Faye. That night they went to the dance and an early morning breakfast at a friend's house. At approximately 5:00 a.m., they were driving north on Slocumb Street en route to Edna Faye's apartment when Ward noticed an International tractor detached from its trailer parked in a parking lot some distance ahead. As Ward's car proceeded north, the truck driven by the defendant pulled onto Slocumb Street headed south. As the two vehicles approached each other, the defendant pulled into the northbound lane and came to a stop directly in front of Ward's car. Ward came to an abrupt stop to avoid collision. Almost immediately, the defendant carrying his .22 rifle descended from his truck and began shooting at Ward's car. Ward and Edna Faye got out of the car and were both hit by bullets from the defendant's rifle. Edna Faye fell to the street with wounds in her thigh, back and head. Ward attempted to flee but the defendant followed and overtook him a short distance away. The two men struggled over the rifle until the defendant finally withdrew and returned to his truck where he waited until the police arrived. Edna Faye died as a result of her wounds. Ward was treated in the hospital for wounds in his groin and back, and later released. Neither Ward nor Edna Faye was carrying a weapon at the time of the incident.

The defendant offered evidence tending to show the following: The defendant was driving south on Slocumb Street when he noticed a blue car headed towards him and saw someone leaning out of the left side window with something in his hand. He slammed on his brakes and pulled his truck in front of the car. As he opened the door of his truck he heard a shot. Grabbing his

rifle from beneath the seat, he jumped towards an embankment on the left side of the road. When defendant heard a second shot he began shooting his rifle, aiming at the driver's side of the car. He did not see Edna Faye until she got out of the car. After chasing Ward, the defendant returned and called the police.

The jury found the defendant guilty of second degree murder of Edna Faye Burden and assault with a deadly weapon of David Ward, inflicting serious injury. From judgments imposing 5 years imprisonment for the assault, to run concurrently with 25 years imprisonment for the murder, the defendant appealed.

*Attorney General Edmisten, by Associate Attorney T. Michael Todd, for the State.*

*Barnes, Braswell & Haithcock, by Michael A. Ellis, for defendant appellant.*

HEDRICK, Judge.

No assignments of error appear in the record with respect to the felonious assault charge. Thus, no question is presented for review in the case wherein the defendant was convicted of assault of David Ward with a deadly weapon inflicting serious injury. In case number 77CR6955 we find no error.

With respect to his conviction for second-degree murder of Edna Faye Burden, the defendant assigns as error the failure of the trial court to submit to the jury the lesser included offense of voluntary manslaughter. The principle by which we are guided in the determination of when to submit a lesser included offense to the jury was succinctly stated in *State v. Hicks*, 241 N.C. 156, 159, 84 S.E. 2d 545, 547 (1954):

> The necessity for instructing the jury as to an included crime of lesser degree than that charged arises when and only when there is evidence from which the jury could find that such included crime of lesser degree was committed. The *presence of such evidence* is the determinative factor.

[1] The defendant first argues that the evidence raises an inference that the defendant killed Edna Faye Burden in the heat of passion with provocation. In order to reduce second degree murder to voluntary manslaughter, there must be some evidence

that the defendant killed his victim "in the heat of passion engendered by provocation which the law deems adequate to depose reason." *State v. Freeman*, 275 N.C. 662, 668, 170 S.E. 2d 461, 465 (1969). Our examination of the record has revealed no evidence upon which the jury could find such provocation. Specifically, evidence that the defendant found his estranged wife riding in a car with another man is not sufficient to show adequate cause for passion which would negate the malice of murder and reduce it to manslaughter. *State v. Ward*, 286 N.C. 304, 210 S.E. 2d 407 (1974).

[2] Under the same assignment, the defendant contends that since the trial judge instructed the jury on self-defense it was incumbent upon him to instruct the jury that if it should find that in defending himself the defendant used excessive force, it could return a verdict of voluntary manslaughter. According to well-settled principles of law, if the defendant in killing the deceased was acting in self-defense but used more force than was necessary or reasonably appeared necessary under the circumstances, he is guilty of voluntary manslaughter. *State v. Woods*, 278 N.C. 210, 179 S.E. 2d 358 (1971).

In the present case the defendant testified that as he approached the automobile driven by Ward "it had stopped and on the left-hand side someone was leaning out" with something in his hand and that he pulled into the northbound lane and stopped in front of Ward's car. His account of the shooting appears in the record as follows:

I opened the door and started to get out and I heard a shot. That is when I went back in the truck and got my rifle.
. . .

I jumped out of the truck, and when I jumped out, I heard another shot. I jumped and from the jump I had gone toward the bank on the left side of Slocumb, and when I got on the bank, I heard the second shot. It was just like I was back in Viet Nam and I was shooting at wherever the shot came from.

Assuming that the defendant's testimony raises the defense of self-defense, it does not necessarily follow that the defendant was entitled to an instruction submitting the offense of voluntary

manslaughter on the theory of excessive force. In *State v. Harrington*, 286 N.C. 327, 210 S.E. 2d 424 (1974), the defendant who had been found guilty of second degree murder assigned as error the failure of the trial court to submit to the jury the lesser included offense of involuntary manslaughter. The Supreme Court, citing *State v. Hicks, supra*, pointed out that in view of his defense of accident "defendant would be guilty of involuntary manslaughter only if there were evidence tending to show that such unintentional killing was caused by defendant's unjustified and wanton or reckless use of the rifle in such manner as to jeopardize . . . [the victim's] safety." 286 N.C. at 330-1, 210 S.E. 2d at 427. The Court concluded that there was no evidence from which the jury could infer culpable negligence, and thus, the trial court was not required to submit involuntary manslaughter to the jury. *See also State v. Bright*, 237 N.C. 475, 75 S.E. 2d 407 (1953).

Similarly, in the present case the trial judge was not required to submit the offense of voluntary manslaughter to the jury unless there was evidence from which the jury could find that in defending himself the defendant used excessive force. We think that the defendant's testimony, which provided the sole basis for his defense of self-defense, discloses that he used only such force as was necessary to defend himself under the circumstances which he recounted. If the jury found that the defendant reasonably believed that he was in danger of death or great bodily harm from the shots which he heard, then it follows that his only reasonable defense was to shoot back. Thus, since there was no evidence of excessive force, the trial judge was not required to submit the offense of voluntary manslaughter to the jury. *State v. Hicks, supra.*

We hold that the defendant received a fair trial in Case No. 77CR6911 and Case No. 77CR6955 free from prejudicial error.

No error.

Chief Judge BROCK and Judge MITCHELL concur.