STATE OF NORTH CAROLINA v. MICHAEL J. THOMPSON

No. 8014SC760

(Filed 2 December 1980)

**1. Robbery § 5.4— common law robbery — refusal to instruct on assault**

The trial court in a prosecution for common law robbery did not err in refusing to instruct on the lesser included offense of misdemeanor assault where the State's evidence tended to show that defendant took the victim's money by violent means, and defendant admitted taking the victim's money but denied assaulting him.

**2. Criminal Law § 114.2— statement of defendant's evidence — no expression of opinion**

The trial judge in a common law robbery case did not express an opinion on defendant's evidence when he stated during his summarization of his evidence that defendant was "flabbergasted" when a third person began hitting the victim, and that on the day following the robbery the victim and his brothers "accosted" defendant but that "strangely nothing came of it," since the court's statements were sufficiently supported by the evidence and not contrary to what defendant contended.

**3. Criminal Law § 114.3— instructions — no expression of opinion on defense**

The trial judge in a common law robbery case did not express an opinion as to the validity of defendant's defense when he charged on the illegality of collecting a debt by the use of force since defendant's own testimony tended to show that he was attempting to collect a debt owed to him by the victim's brother at the time of the incident in question, and the legal issue thus arose on the evidence.

APPEAL by defendant from *Bailey, Judge.* Judgment entered 11 March 1980 in Superior Court, DURHAM County. Heard in the Court of Appeals 12 November 1980.

Defendant was indicted, tried and convicted for the common law robbery of $115 from the person of Eric C. Earl.

State v. Thompson

At trial, the evidence for the State tended to show that on the night of 23 November 1979 defendant and George "June Bug" Cleveland were riding around drinking with Eric Earl and some other friends in a friend's car. Defendant purchased gasoline for the car and beer for the group and subsequently got into an argument with Earl about paying for the gasoline and beer. Earl gave defendant $2.00 and began walking to his mother's house. Defendant and June Bug followed him, and defendant began feeling in Earl's pockets. Defendant stated, "Give me your money, man, or June Bug is going to hurt you." Defendant and June Bug then began beating Earl. They knocked him to the ground and took his money out of his pocket and left. Earl had been paid that afternoon and had approximately $115 in his pocket. Earl and two of his brothers went to defendant's home the next day and confronted him about the robbery, but defendant said nothing and left.

Defendant testified that after Earl paid him $2.00, defendant remembered that Earl's brother owed him $60 for some stereo speakers. He followed Earl across the street to discuss this debt at which time, to defendant's surprise, June Bug grabbed Earl and began beating him, knocking him to the ground. Defendant was "in shock" and pulled June Bug off of Earl. While lying on the ground Earl pulled $32 from his pocket which defendant picked up. Defendant then left the scene and subsequently gave some of Earl's money to the other people who had been riding around in the car with them. The following day Earl and two of his brothers approached defendant and told him he was wrong to let June Bug jump on Earl. Defendant did not know what to expect so he just left.

Upon the jury's verdict of guilty of common law robbery, defendant was sentenced to a prison term of not less than eight nor more than ten years.

*Attorney General Rufus L. Edmisten, by Special Deputy Attorney General David S. Crump, for the State.*

*Pulley, Wainio & Stephens, P.A., by Ronald L. Stephens, for defendant appellant.*

WELLS, Judge.

[1] Prior to the trial court's charge to the jury, defendant submitted a written request for a charge on the lesser included offense of misdemeanor assault. The court denied the request and instructed

upon common law robbery only. Defendant assigns error to the court's refusal to charge on misdemeanor assault, arguing that the evidence warranted such an instruction. We do not agree. Common law robbery is the felonious taking of money or goods of any value from the person of another, or in his presence, against his will, by violence or putting him in fear. *State v. Lawrence*, 262 N.C. 162, 163, 136 S.E. 2d 595, 596-97 (1964); *see also State v. Brown*, 300 N.C. 41, 47, 265 S.E. 2d 191, 195 (1980). The crime of common law robbery includes an assault on the person. *State v. Hicks*, 241 N.C. 156, 84 S.E. 2d 545 (1954). However, as stated in *Hicks*, 241 N.C. at 159-60, 84 S.E. 2d at 547:

> The necessity for instructing the jury as to an included crime of lesser degree than that charged arises when and only when there is evidence from which the jury could find that such included crime of lesser degree was committed. The *presence of such evidence* is the determinative factor. Hence, there is no such necessity if the State's evidence tends to show a completed robbery and there is *no conflicting evidence* relating to elements of the crime charged.

In the present case State's evidence tended to show the taking of Earl's money by defendant against Earl's will by violent means. State's evidence was not open to the interpretation that defendant committed only the lesser included offense of assault. Defendant specifically denied assaulting Earl, but admitted taking Earl's money. On the basis of this evidence the court did not err by failing to instruct the jury on the lesser included offense of misdemeanor assault.

**[2,3]** Defendant has also assigned as error the court's summarization of his evidence in its charge to the jury that defendant was "flabbergasted" when June Bug began hitting Earl and that on the day following the alleged robbery Earl and his brothers "accosted" defendant but that "strangely nothing came of it." Defendant contends that in so charging the jury the trial judge indicated to the jury that he gave little if any weight to defendant's evidence. We find the statements objected to by defendant to be sufficiently supported by the evidence and not contrary to what defendant contended. Therefore such statements did not constitute an expression of opinion by the court. *See State v. Joyner*, 297 N.C. 349, 359-62, 255 S.E. 2d 390, 396-98 (1979). Defendant also contends that

Bank v. Sharpe

the trial court expressed an opinion as to the validity of defendant's defense when it charged on the illegality of collecting a debt by the use of force. Again we find no expression of opinion since the legal issue arose on the evidence. Defendant's own testimony tended to show that he was attempting to collect a debt owed to him by Earl's brother at the time of the robbery of Earl.

In defendant's trial we find

No error.

Judges VAUGHN and MARTIN (Robert) concur.