STATE OF NORTH CAROLINA v. JAMES HOWELL HENSLEY

No. 8725SC1240

(Filed 6 September 1988)

1. **Assault and Battery § 16.1; Rape and Allied Offenses § 6.1— second degree sexual offense—assault with deadly weapon inflicting serious injury—instructions on lesser offenses not required**

   Where defendant was convicted of second degree sexual offense and assault with a deadly weapon inflicting serious injury, the trial court was not required to instruct on the lesser offenses of attempt to commit a sexual offense or simple assault, since there was no conflicting evidence, and the fact that there was some inconsistency with regard to some of the incidental details of the crimes did not require submission of the lesser offenses.

2. **Rape and Allied Offenses § 7; Assault and Battery § 17; Criminal Law § 26.5— second degree sexual offense—assault with deadly weapon inflicting serious injury—no double jeopardy**

   The trial court did not err in failing to instruct the jury not to consider evidence of serious injury caused by the sexual offense in determining its ver-

dict on the assault with a deadly weapon inflicting serious injury charge, since, in convicting defendant of second degree sexual offense, the jury necessarily found that no serious injury was inflicted during that offense; in convicting him of assault with a deadly weapon inflicting serious injury, they necessarily found that the prosecutrix's only serious injury was inflicted during the assault with the deadly weapon; and the two convictions were not supported by the same evidence, and defendant was therefore not being punished twice for the same conduct.

APPEAL by defendant from *Sitton, Judge.* Judgments entered 31 July 1987 in Superior Court, BURKE County. Heard in the Court of Appeals 31 May 1988.

Defendant was convicted of second degree sexual offense and assault with a deadly weapon inflicting serious injury. The State's evidence tended to show, in gist, that: He beat his live-in girlfriend, Pamela Jean Cogdell, off and on for most of the day about the head and other parts of the body with his fists and a metal walking cane about three feet long, the handle and shaft of which were about three inches in circumference. During the beatings he tied her hands behind her back, gagged her mouth with his shirt, threatened to kill the baby she was pregnant with, and rammed the cane inside her vagina several times. As a result of this savagery most of her body was black and blue and had cane markings or imprints on it; the back of her head was lacerated; her face bled severely, her eyes were swollen shut, her nose and lips were distorted and swollen; her vagina was lacerated and hemorrhaged heavily; she lost about 25 cubic centimeters of blood, was hospitalized for four days, her head wound was stitched, the baby was lost, and she was treated with various medicines and I.V. fluids.

*Attorney General Thornburg, by Assistant Attorney General Wilson Hayman, for the State.*

*Sam J. Ervin, IV for defendant appellant.*

PHILLIPS, Judge.

In a prolix 50 page brief defendant contends that the judge's charge to the jury was erroneous in three respects. Neither contention has merit and we overrule them.

[1] Two of defendant's contentions, not based upon exceptions to the charge, are that because of conflicts in the evidence it was

"plain error" under the rule laid down in *State v. Odom*, 307 N.C. 655, 300 S.E. 2d 375 (1983) not to instruct the jury on the lesser included offenses of attempted first and second degree sexual offense and simple assault. On the sexual offense charge the conflict that would support a finding that the crime was only attempted, so defendant argues, was in the evidence as to penetration. But that evidence was not conflicting at all; for Ms. Cogdell testified that defendant repeatedly penetrated her with the cane, the physical findings testified to by the Emergency Room doctor who examined her bore her out, and no evidence to the contrary was presented. Since there was no evidence that the sexual offense was not accomplished the court was not required to instruct the jury on attempting to commit the offense. *State v. Brown*, 312 N.C. 237, 321 S.E. 2d 856 (1984); *State v. Harvey*, 281 N.C. 1, 187 S.E. 2d 706 (1972). In the felony assault case, so defendant argues, the conflict that raised an issue as to simple assault was in the evidence as to using a deadly weapon and inflicting serious injury. In our search of the record we found plenary evidence indicating that defendant repeatedly beat Ms. Cogdell with a metal walking cane, a weapon clearly capable from our observation of inflicting a lethal wound when used as a club, *State v. Perry*, 226 N.C. 530, 39 S.E. 2d 460 (1946), and that she suffered very serious injuries, indeed, as a consequence; but we found no evidence which indicates that she was not beaten with the cane or that she was not seriously injured by it. Thus, the court's failure to charge on simple assault was not error, plain or otherwise. These arguments when analyzed are really not that the evidence on the elements involved was conflicting because defendant offered no evidence, but that because some of the incidental details of the crimes are inconsistent the jury could have rejected it and found that the lesser included offenses were committed. Though the arguments are not without logic, and for that matter are in complete harmony with the instruction given every jury, that they can believe all, part, or none of the evidence as they see fit, our Supreme Court has rejected it many times, *State v. Harvey*, 281 N.C. 1, 187 S.E. 2d 706 (1972); *State v. Hicks*, 241 N.C. 156, 84 S.E. 2d 545 (1954), and we must do likewise.

[2] Defendant's other contention, that the trial court erred in failing to instruct the jury not to consider evidence of serious injury caused by the sexual offense in determining its verdict on

the assault with a deadly weapon inflicting serious injury charge, is irrelevant. For though he was charged with first degree sexual offense, elements of which as G.S. 14-27.4 provides, can include use of a deadly weapon or the infliction of serious injury, he was not convicted of that offense; he was convicted of second degree sexual offense which does not include either of those elements. *See* G.S. 14-27.5; *State v. Barnette*, 304 N.C. 447, 284 S.E. 2d 298 (1981). Thus, that the jury was not instructed on the felony assault charge not to consider the injuries inflicted in the sexual assault could not have affected their verdict on that charge; for in convicting him of second degree sexual offense the jury necessarily found that no serious injury was inflicted during that offense, and in convicting him of assault with a deadly weapon inflicting serious injury they necessarily found that the prosecutrix's only serious injury was inflicted during the assault with the deadly weapon. On this point defendant further argues, mistakenly, that the two convictions are supported by the same evidence and he is being twice punished for the same conduct in violation of the double jeopardy clauses of the federal and state constitutions. But as the provisions of G.S. 14-27.4 and G.S. 14-32 plainly show, the crimes that he was convicted of are separate and distinct offenses. Each requires the proof of an element that the other does not; neither is a lesser included offense of the other; and neither the constitution of the state nor nation prohibits one from being punished for committing two separate and distinct offenses in one circumstantial setting. *State v. Richardson*, 279 N.C. 621, 185 S.E. 2d 102 (1971).

No error.

Judges WELLS and BECTON concur.