An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA 25-232

Filed 3 December 2025

Mecklenburg County, No. 22CR006277-590

STATE OF NORTH CAROLINA

v.

DAVIYON MARCEL REID, Defendant.

Appeal by defendant from judgment entered 19 July 2024 by Judge David H. Strickland in Mecklenburg County Superior Court. Heard in the Court of Appeals 14 October 2025.

*Emily Holmes Davis for defendant-appellant.*

*Attorney General Jeff Jackson, by Assistant Attorney General Kyle Peterson for the State.*

DILLON, Chief Judge.

Defendant Daviyon Reid appeals from judgment entered by the trial court upon a jury verdict convicting him of robbery with a dangerous weapon. Defendant contends the trial court erred by (1) failing to provide a jury instruction for a lesser-included offense and (2) instructing the jury on flight. For the reasoning below, we conclude Defendant received a fair trial, free from reversible error.

## I. Background

The evidence provided at trial tended to show the following: Defendant Daviyon Reid entered a Wal-Mart in Charlotte on 3 February 2022. Upon entry, the greeter notified two asset protection employees to check security camera footage for a potential shoplifter. The employees viewed the footage and saw what they believed was Defendant placing merchandise into a tote bag placed in his shopping cart.

When they approached Defendant and requested to see inside his bag, he opened the bag and showed them the stolen merchandise. Defendant then zipped up the bag and began moving towards an exit. When the employees asked him to stop and return the merchandise, he turned around and lifted his coat, showing the employees he had a gun in his waistband. One of the employees called 911 while they continued to follow Defendant and told the operator that Defendant had displayed a firearm. The employees additionally testified that Defendant pointed the firearm at them before he ran out of sight into another shopping center. The employees did not follow Defendant once he left the store but watched him as he ran towards an adjoining shopping center. Defendant was arrested shortly after where the police found a loaded firearm in his waistband and the stolen merchandise.

Defendant was charged with robbery with a dangerous weapon. During the jury charge conference, Defendant objected to the flight instruction and requested a jury instruction on the lesser-included offenses of common law robbery and

misdemeanor larceny. The trial court overruled Defendant's objection and denied the request for instructions on the lesser-included offenses. On 19 July 2024, the jury returned a verdict of guilty, and Defendant was sentenced to 51 to 74 months imprisonment. Defendant properly appealed to this court.

## II. Analysis

Defendant raises two issues on appeal. We address each in turn.

### A. Jury instruction on lesser-included offense

Defendant argues the trial court reversibly erred by denying his request for a jury instruction on the lesser-included offense of misdemeanor larceny because there was contradictory evidence, regarding whether Defendant brandished a firearm in the store, which could have led a jury to convict him of the lesser included offense.

"We review the trial court's denial of the request for an instruction on the lesser included offense de novo." *State v. Laurean*, 220 N.C. App. 342, 345 (2012). "If there is a conflict in the evidence and the evidence supports an instruction on a lesser-included offense, the trial court must give an instruction on the lesser-included offense." *State v. Wilson*, 385 N.C. 538, 544 (2023) (citation omitted). "To determine if the lesser-included offense instruction is necessary, the test is whether the State's evidence is positive as to each element of the crime charged and whether there is any conflicting evidence relating to any of these elements." *State v. Coleman*, 271 N.C. App. 91, 95 (2020) (internal quotation omitted). "Where the State's evidence is clear and positive as to each element of the offense charged and there is no evidence

showing the commission of a lesser included offense, it is not error for the judge to refuse to instruct on the lesser offense." *State v. Peacock*, 313 N.C. 554, 558 (1985) (citation omitted).

Here, Defendant was charged with robbery with a dangerous weapon. In order to convict a defendant of robbery with a dangerous weapon, the state must prove: "(1) the unlawful taking or an attempt to take personal property from the person or in the presence of another (2) by use or threatened use of a firearm or other dangerous weapon (3) whereby the life of a person is endangered or threatened." *State v. Small*, 328 N.C. 175, 181 (1991) (citing N.C.G.S. § 14-87).

The State provided ample evidence that Defendant brandished a firearm while in the store including eyewitness testimony, police testimony, surveillance footage, and ultimately the alleged firearm being recovered from Defendant's person. For an instruction on a lesser-included offense to be provided, there must be some conflicting evidence to dispute that it was not a firearm. *See Coleman*, 271 N.C. App. at 95. There was no argument or evidence presented at trial that conflicts with this element.

> The necessity for instructing the jury as to an included crime of lesser degree than that charged arises when and only when there is evidence from which the jury could find that such included crime of lesser degree was committed. The *presence of such evidence* is the determinative factor. Hence, there is no such necessity if the State's evidence tends to show a completed robbery and there is *no conflicting evidence* relating to elements of the crime charged. Mere contention that the jury might accept the State's evidence in part and might reject it in part will not suffice.

*State v. Hicks*, 241 N.C. 156, 159–60 (1954) (emphasis added).  Because there was no conflicting evidence presented, we hold that the trial court did not err in denying Defendant's request for a jury instruction on the lesser-included offense.

### B.  Jury instruction on flight

Defendant argues the trial court reversibly erred in providing the jury with a flight instruction because he did not attempt to conceal his whereabouts from law enforcement.

"Where a defendant has properly preserved her challenge to jury instructions, an appellate court reviews the trial court's decisions regarding jury instructions de novo." *State v. Richardson*, 270 N.C. App. 149, 152 (2020) (citation omitted).  "A trial court may properly instruct on flight where there is 'some evidence in the record reasonably supporting the theory that the defendant fled after the commission of the crime charged.' " *State v. Lloyd,* 354 N.C. 76, 119 (2001) (quoting *State v. Allen,* 346 N.C. 731, 741 (1997)) (internal quotation marks omitted).  "There must also be some evidence that defendant took steps to avoid apprehension." *State v. Thompson*, 328 N.C. 477, 490 (1991) (citation omitted).  "The bar for a defendant taking 'steps to avoid apprehension' such that an instruction on flight will be deemed proper is low." *State v. Bradford*, 252 N.C. App. 371, 377 (2017).  Such steps may include "an action that was not part of [a d]efendant's normal pattern of behavior." *State v. Shelly*, 181 N.C. App. 196, 209 (2007).  "The fact that there may be other reasonable explanations for defendant's conduct does not render the instruction improper." *State v. Parks*, 264

N.C. App. 112, 118 (2019).

Defendant argues that the flight instruction was improper because he walked away from the Wal-Mart after being accused of shoplifting and was found nearby in a barbershop. However, there was ample evidence provided at trial that Defendant took steps to avoid apprehension. Defendant forced open a rear fire exit door instead of exiting the store through a designated exit. Eyewitness testimony was provided stating that Defendant was not walking but running away from the store once exiting. Additionally, Defendant's entering into the barber shop could be viewed as hiding. This evidence, viewed in the light most favorable to the state, is sufficient to meet the low bar necessary to provide the jury with an instruction on flight. Therefore, the trial court did not err in giving a flight instruction.

## III. Conclusion

For the foregoing reasons, we conclude that the trial court properly denied Defendant's request for a jury instruction on a lesser-included offense and properly provided the jury with a flight instruction. Defendant received a fair trial, free of prejudicial error.

NO ERROR.

Judges GRIFFIN and FLOOD concur.

Report per Rule 30(e).