STATE OF NORTH CAROLINA v. SAMUEL (PETE) MALLOY

No. 8116SC8

(Filed 4 August 1981)

Criminal Law § 26.5— acquittal on assault charge—trial for common law robbery—no double jeopardy

The jury's acquittal of defendant on a charge of misdemeanor assault inflicting serious injury did not bar the subsequent prosecution of defendant on a charge of common law robbery, since each offense required proof of a fact not required for conviction of the other.

APPEAL by defendant from *Battle, Judge.* Judgment entered 6 August 1980 in Superior Court, SCOTLAND County. Heard in the Court of Appeals 4 May 1981.

Defendant was indicted for common law robbery and assault with a deadly weapon with intent to kill inflicting serious injury. At trial the assault charge was reduced to misdemeanor assault inflicting serious injury.

The jury returned a not guilty verdict on the assault charge but was unable to agree on the robbery charge. A mistrial was declared, and defendant was thereafter re-tried and convicted of the robbery.

From a judgment of imprisonment, defendant appeals.

*Attorney General Edmisten, by Associate Attorney General Lisa Shepherd, for the State.*

*Cabell J. Regan for defendant-appellant.*

WHICHARD, Judge.

The sole issue presented is whether the not guilty verdict on the assault charge barred subsequent prosecution of the robbery charge on grounds of double jeopardy. It did not.

> If each of two criminal offenses, as a matter of law, requires proof of some fact, proof of which fact is not required for conviction of the other offense, the two offenses are not the same and a former jeopardy with reference to the one does not bar a subsequent prosecution for the other.

*State v. Overman,* 269 N.C. 453, 465, 153 S.E. 2d 44, 54 (1967). Conviction of misdemeanor assault requires proof of infliction of or attempt to inflict serious injury, G.S. 14-33(b)(1), while conviction of common law robbery does not. Conviction of common law robbery requires proof that property was taken from another against his will by violence or putting him in fear, *State v. Black,* 286 N.C. 191, 209 S.E. 2d 458 (1974), while conviction of misdemeanor assault does not. Thus, each offense for which defendant was tried required proof of a fact not required for conviction of the other; and acquittal on the assault charge did not bar prosecution for the robbery.

No error.

Chief Judge MORRIS and Judge WEBB concur.