For the reasons stated, we find

No error.

Judges BRASWELL and PHILLIPS concur.

---

STATE OF NORTH CAROLINA v. RICHARD FRANKLIN WATSON

No. 8321SC709

(Filed 7 February 1984)

1. **Weapons and Firearms § 3— discharging a firearm into occupied dwelling—sufficiency of evidence**

   The trial court properly denied defendant's motion to dismiss the charge of feloniously discharging a firearm into an occupied dwelling in violation of G.S. 14-34.1 where the evidence tended to show that defendant discharged a firearm towards a residence in which five people were located; a bullet hit a window, the window glass broke, and other bullets hit the side of the house. The repeated discharge of the firearm toward the house and the resultant striking of the house by the bullets so discharged was evidence of something more than the firing of a stray bullet which accidentally struck the dwelling.

State v. Watson

2. **Weapons and Firearms § 3— discharging a firearm into occupied dwelling — error in instructions**

   A specific intent is a necessary element in proof of discharging a firearm into an occupied dwelling; therefore, where a portion of the jury instructions permitted the jury to find the requisite intent solely from the proof of defendant's commission of the unlawful act of malicious damage to property in that he intentionally fired his weapon at an automobile, the erroneous instruction was prejudicial.

3. **Weapons and Firearms § 3— discharging weapon offenses — no double jeopardy**

   A guilty plea to discharging a firearm in the city did not bar, on grounds of double jeopardy, subsequent prosecution of the charges of malicious damage to property and discharging a firearm into an occupied building. G.S. 14-160 and G.S. 14-34.1.

APPEAL by defendant from *Walker, Judge.* Judgment entered 12 April 1983 in Superior Court, FORSYTH County. Heard in the Court of Appeals 19 January 1984.

Defendant Richard Franklin Watson pled guilty to the violation of the Winston-Salem city ordinance of discharging a firearm in the city and judgment was entered on 17 February 1983. Defendant was also charged in proper bills of indictment with the misdemeanor of malicious damage to personal property in violation of G.S. 14-160 and with feloniously discharging a firearm into an occupied dwelling in violation of G.S. 14-34.1. These two charges were consolidated for trial.

The State offered evidence tending to show that on 14 December 1982 defendant from the front porch of his house discharged a firearm numerous times in the general direction of a dwelling occupied by Sheila Vaughn. An automobile belonging to Donna Morrison, parked in a driveway adjacent to the Vaughn residence, sustained a broken windshield, broken windows, flat tires, and a total of twenty-two bullet holes. While in the living room of the Vaughn house, a police officer observed defendant fire eight to ten shots, at least one of which hit a bedroom window and others hit the side of the house. The defendant presented no evidence.

The jury returned a guilty verdict on both charges, and the trial court sentenced the defendant to a jail term of six months for the misdemeanor and seven years for the felony. Defendant appealed.

*Attorney General Rufus L. Edmisten by Special Deputy Attorney General H. A. Cole, Jr., for the State.*

*Booe, Mitchell, Goodson and Shugart by Jeanne S. Wine for defendant appellant.*

HILL, Judge.

Defendant appeals his convictions of the misdemeanor of malicious damage to personal property and feloniously discharging a firearm into an occupied dwelling. We have examined the record concerning the misdemeanor conviction under G.S. 14-160 and find no basis for reversal. We do find error, however, in the jury charge concerning the offense of feloniously discharging a firearm into an occupied dwelling in violation of G.S. 14-34.1, necessitating a new trial for the felony only.

[1] We first consider defendant's assignment of error to the trial court's denial of his motion to dismiss made at the close of the State's evidence. G.S. 14-34.1 provides in pertinent part: "Any person who willfully or wantonly discharges or attempts to discharge . . . [a] firearm into any building, structure . . . or enclosure while it is occupied is guilty of a Class H felony." A person is guilty of the felony created by this section if he "intentionally, without legal justification or excuse, discharges a firearm into an occupied building . . . when he has reasonable grounds to believe that the building might be occupied by one or more persons." *State v. Williams,* 284 N.C. 67, 73, 199 S.E. 2d 409, 412 (1973).

With regard to this offense, Sheila Vaughn, Donna Morrison, and three police officers were in the Vaughn residence at various times during the shootings. Police officer Lloyd and Sheila Vaughn testified that as the defendant was discharging the firearm toward the Vaughn residence in which they were located, they heard a bullet hit a window, heard window glass break, and heard bullets hit the side of the house. The repeated discharge of the firearm toward the house and the resultant striking of the house by the bullets so discharged is evidence of something more than the firing of a stray bullet which accidently strikes the dwelling. Such conduct manifests an intentional disregard of and indifference to the rights and safety of others, and supports

elements of the offense of discharging a firearm into an occupied dwelling to require its submission to the jury.

[2]  Defendant next contends that the trial court erred in answering the jury's questions concerning sufficiency of the evidence to justify a conviction for intentionally discharging a firearm into an occupied dwelling. The question and instruction with which we find error are as follows:

> [JURY:] First if the weapon as (sic) willfully fired at the car and the stray bullet hit the house, can this be considered discharging a firearm into an occupied building?

> [THE COURT:] You remember that I told you the defendant must willfully or wantonly and intentionally discharge a firearm into the building in order to be guilty of that charge. Now, if he intentionally fired a — or discharged a firearm and intended to fire at one thing and if it did hit another, if you find he intentionally discharged the firearm and it hit the building, that is intentionally fired it and it hit the building, that would be sufficient.

In the case under review, a specific intent was a necessary element in proof of discharging a firearm into an occupied dwelling. See G.S. 14-34.1; State v. Williams, supra. The above-quoted portion of the charge permitted the jury to find the requisite intent solely from the proof of defendant's commission of the unlawful act of malicious damage to property, i.e., firing into the automobile. This is prejudicial error and requires that defendant be given a new trial for failure of the trial court to adequately declare and explain the law relative to the requisite specific intent.

[3]  Defendant finally contends that the trial court erred by denying defendant's motion to dismiss on the grounds that defendant had previously been placed in jeopardy of the same offense. Defendant asserts that the guilty plea to discharging a firearm in the city barred subsequent prosecution of the charges of malicious damage to property and discharging a firearm into an occupied building on grounds of double jeopardy. We disagree.

> If each of two criminal offenses, as a matter of law, requires proof of some fact, proof of which fact is not required

for conviction of the other offense, the two offenses are not the same and a former jeopardy with reference to the one does not bar a subsequent prosecution for the other.

*State v. Overman*, 269 N.C. 453, 465, 153 S.E. 2d 44, 54 (1967).

Conviction of discharging a firearm in the city requires proof that the gun was fired within city limits, while conviction of malicious damage to property and discharging a firearm into an occupied dwelling does not. Conviction of malicious damage to property requires proof of injury to personal property, G.S. 14-160, and conviction of discharging a firearm into an occupied dwelling requires proof of discharge into a building, structure, or enclosure, G.S. 14-34.1, while conviction of discharging a firearm in the city does not require such proof. Therefore, "each offense for which defendant was tried required proof of a fact not required for conviction of the other." *State v. Malloy*, 53 N.C. App. 369, 370, 280 S.E. 2d 640, 640 (1981). A guilty plea on the charge of discharging a firearm in the city did not bar prosecution for the charges of malicious damage to property and discharging a firearm into an occupied dwelling.

No error in Case No. 82CR53826; new trial for Case No. 82CR53828.

Judges HEDRICK and EAGLES concur.